Martin B. Stecher, J.
The defendant moves to dismiss the complaint, asserting that the plaintiff’s claim exceeds the court’s monetary jurisdiction.
The plaintiff, in his complaint and opposing affidavits alleges that his business premises were destroyed by fire on January 27, 1967. He presented his claim to the defendant insurance carrier, first personally and then through his attorneys. His claim was never rejected. Neither was it paid. It was ignored. Ten days before the expiration of the contractual time limitation in which to bring suit, plaintiff served the summons and complaint herein asserting four “ causes of action,” each under a different provision of the same contract of insurance; $10,000 for damages to personalty and leasehold improvements; $1,000 as expenses *8 to continue mercantile operations interrupted by the fire; $500 for the destruction in the same fire of nonbusiness personal effects; and $500 for the reproduction of business records destroyed by the fire.
Legal process fared no better than claim letters; but silence now constituted a default. Defendant twice moved to vacate its default, once on March 28, 1968 and again on April 11, 1969. Both motions were denied for failure to demonstrate a meritorious defense. An appeal now pends from each of these orders. On May 1, 1968, following an inquest, a decision was made directing a judgment in favor of the plaintiffs and a judgment was submitted for entry on June 16, 1969.
The defendant, having yet to assert a meritorious defense, now for the first time attacks the court’s jurisdiction. Despite plaintiff’s strong protestations that by virtue of the default the ‘1 defendant has no standing to raise anything in this action, ’ ’ the defendant does have standing to attack the jurisdiction of the court, now, or at any other stage of the proceeding or even for the first time on appeal (Robinson v. Oceanic Steam Nav. Co., 112 N. Y. 315; Marony v. Applegate, 266 App. Div. 412, 420).
An action for money damages brought in the Civil Court may not exceed $10,000 (N. Y. Const., art. VI, § 15, subd. b; CCA, § 202) exclusive of interest and costs (CCA, § 201); but “ several causes of action ” may be joined in a single complaint if “ each of them would be within the jurisdiction of the court if sued upon separately ” (CCA, § 211).
“ The determination of what constitutes the ‘ same ’ or * different ’ causes of action is not a matter free from difficulty. The definition of the term 1 cause of action ’ is a variable one and depends upon the context in which it appears ’ ’ (Smith v. Kirkpatrick, 305 N. Y. 66, 70).
A cause of action in this context is ‘ the right to bring a suit ’, and that right is based upon the ground or grounds on which an action may be maintained * * * If the facts alleged show one primary right of the plaintiff, and one wrong done by the defendant which involves that right, the plaintiff has stated but a single cause of action ” (Payne v. New York, Susquehanna & Western R. R. Co., 201 N. Y. 436, 440). In the case under consideration the primary right is to be paid under the contract for the loss allegedly sustained in a single fire; and the defendant’s wrong is the failure to make that payment. There can be little doubt that various obligations of payment assumed under a single written contract accruing at the same time constitute but a single cause of action (Wolf v. Wolf, 22 A D 2d 678; 5 Williston, Contracts [rev. ed.], § 1291). It is thus *9 apparent that the plaintiff’s claim for $12,000 although stated in what appeared to be four separate causes of action are in fact but one cause of action which exceeds the jurisdictional limitation on this court.
Prior to 1962, when a court having limited monetary jurisdiction was faced with a complaint exceeding that jurisdiction, it had no choice but to dismiss the complaint. It could not even permit its discontinuance (Vigil v. Cayuga Constr. Corp., 185 Misc. 675, 680, affd. 185 Misc. 680, affd. 269 App. Div. 934). With the establishment however of a unified court system in 1962, a remedy was provided obviating the drastic relief of dismissal. The State Constitution now provides that “ the courts for the city of New York established pursuant to section fifteen of this article shall transfer to the supreme court or the surrogate’s court or the family court any action or proceeding which has not been transferred to them from any of said courts and over which the said courts for the city of New York have no jurisdiction ” (N. Y. Const., art. VI, § 19, subd. f).
Admittedly, the only statutory provision for transfers from the Civil Court to the Supreme Court is contained in CPLR 325 (subds. [a] and [b]) which provide in effect, that such transfers shall be accomplished on motion made in the Supreme Court. It would appear however that the provisions of section 19 of article VI of the Constitution are “ a self-executing grant of constitutional power * * * not dependent upon any legislative enactment for implementation ’ ’ (Frankel Assoc. v. Dun & Bradstreet, 45 Misc 2d 607, 610). Therefore in accordance with the constitutional power vested in this court and on the court’s own motion it is directed that the action be transferred to the Supreme Court, New York County, and further proceedings, if any may be had there. (Cf. Garland v. Raunheim, 29 A D 2d 383, 389.)
At what stage in the litigation does this case reach the Supreme Court? If the transfer order was made in a proceeding initiated for such purpose in the Supreme Court (CPLR 325, subd. [b]), subsequent proceedings would be had there “as if the action had been originally commenced there and no process, provisional remedy or other proceeding taken in the court from which the action was removed shall be invalid as the result of the removal” (CPLR 326, subd. [b]). The Legislature, however, has not provided similar guidance concerning transfers made by this court pursuant to the directive contained in the Constitution (art. VI, § 19, subd. f).
Prior to the 1962 amendment to the Constitution, if a motion was made in the court in which the action was pending, for dis *10 missal on the grounds here asserted, the better practice was to dismiss the complaint unless an application for transfer was promptly made in the court having jurisdiction (Taylor v. Goodrich, 284 App. Div. 928). The procedure governing the application for transfer and the effect of the order granting the transfer (Civ. Prac. Act, §§ 110, 110-a) were the same as those presently in force (CPLR 325, subd. [b]; 326, subd. [b]). In short, the only change of substance made in the law affecting transfers of the character here considered was the addition of the constitutional mandate directing the court in which the action was pending to make the transfer itself without requiring a separate proceeding elsewhere to accomplish that purpose.
If the effect of transfer by the court in which the action is pending is to give a lesser measure of relief than would be obtained on making an identical application in the court to which transfer is sought, the constitutionally directed procedure would never be used and we would continue to follow Taylor v. Goodrich (284 App. Div. 928, supra). It was not the intention of the framers of the amendment to enact a nullity; but to simplify removal procedures without diminishing the rights otherwise accruing on removal. It would thus appear that the status of this case after transfer should be no different than the status it would have, had transfer been effected by Supreme Court order (CPLR 325, subd. [b]; 326, subd. [b]).
The motion to dismiss the complaint is denied. Settle order in accordance with the foregoing opinion and providing that the stay contained in the order to show cause dated July 1, 1969, be vacated ten days after service of a copy of the settled order with notice of entry.