Martin B. Stecher, J.
This is an action brought to recover a sum of money on deposit in a Totten Trust (Matter of Totten, 179 N. Y. 112) account held in the name of Sol Igla, now deceased, *650 in trust for his sister, the plaintiff herein. The plaintiff moves for summary judgment. The facts are undisputed.
On July 9, 1965, Sol Igla instructed the East River Savings Bank to change the ownership of a long-standing account from his alone “to an account in my name in trust for Mrs. Molly Chalupowitz, ” and those written instructions were carried out, On April 10,1970, Mr. Igla closed this account and simultaneously redeposited ,the exact proceeds with the said bank in exchange for a 24-month nonnegotiable “ Time Deposit Certificate ” issued in the name of ‘ ‘ Mr. Sol Igla in trust for sister Molly Chalupowitz. ” The account remains unaltered and undisturbed.
On August 19,1970, Sol Igla died, a resident of Kings County, survived by his widow and son, Celia Igla and Martin W. Igla. (Whether or not there are other distributees does not appear and. is not significant.) In addition to the sum on deposit here, $2,868.29 and interest, the decedent left four other Totten Trust accounts in excess of $32,000 in favor of his said son. No application has been made for letters testamentary or of administration.
The defendants Celia Igla, Martin W. Igla and Seymour Kreisel (attorney for the defendants Igla), in addition to a general denial, assert as an affirmative defense and counterclaim that 11 Pursuant to Section 5-1.1 of the Estates, Powers and Trusts Law, plaintiff is entitled to none of such funds inasmuch as Celia Igla is the widow of Sol Igla and is entitled thereby to receive her elective share. ” The answer of the defendant bank in essence alleges it is a stakeholder and is awaiting the direction of the court.
As between the plaintiff and the defendant bank there is no issue. On the death of Sol Igla title to the fund vested in the plaintiff (Matter of Totten, supra). The “right of election” asserted by the widow in correspondence and in these pleadings is no impediment to payment to the plaintiff, for the defendant bank is free to deliver the proceeds of the account to the beneficiary “ unless there has been served personally upon such corporation * * * a certified copy of an order enjoining such payment or transfer made by the surrogate’s court having jurisdiction of the decedent’s estate or by another court of competent jurisdiction ” (EPTL 5-1.1, subd. [b], par. [4]). The burden of alleging and proving such injunction order is on the defendants, and in the absence of such allegation I am free to Conclude that no injunction order has been made.
The alleged defense of a right of election is no defense at all for it can only be interposed when it has been adjudicated. *651 Adjudication of the right may only be had in a proceeding brought for that purpose in “ the surrogate’s court having jurisdiction of the decedent’s estate ” (EPTL 5-1.1, subd. [d], par. [4]). Certainly this court has no jurisdiction to make such determination. If the separate defense could be deemed a petition for determination of the right of election, this court might transfer the proceeding to the Surrogate’s Court, Kings County (N. Y. Const, art. VI, § 19, subd. f; Kemper v. Transamerica Ins. Co., 61 Misc 2d 7); but the pleading, devoid of so many of the allegations essential to such a petition, will not be so considered and no transfer will be ordered.
In the interest of justice, however, the defendant widow will be given an opportunity to assert a right of election. No letters having ever been issued, the exercise of a right of election does not appear to be time-barred (EPTL 5-1.1, subd. [e]). But in view of the questionableness of the claim (Matter of Kleinerman, 66 Misc 2d 563), and the delay of the widow in seeking letters so that the right of election could be determined, the burden of procuring such determination will be imposed on the widow.
Accordingly, unless a further stay be granted by this court or any other court having jurisdiction, 90 days after service of a copy of the order herein on the defendants, judgment shall be entered in favor of the plaintiff against the defendant East River Savings Bank for the amount on deposit without costs but with interest at the rates payable by such bank from the date of issuance of the time deposit certificate to the date of the entry of judgment; dismissing the counterclaim herein without costs; and dismissing the causes of action against defendants Celia Igla, Martin W. Igla and Seymour Kreisel without costs.
Settle order including the rate at which interest shall be computed.