JOHN C. ALLMAN, Respondent, v SIEGFRIED CONSTRUCTION CO., INC., et al., Appellants. (Appeal No. 1.)

JOHN C. ALLMAN, Plaintiff, v SIEGFRIED CONSTRUCTION CO., INC., Appellant, and NIAGARA WRECKING & LUMBER CO., Respondent. (Appeal No. 2.)

NIAGARA WRECKING & LUMBER CO., INC., Appellant, v HERBERT F. DARLING et al., Doing Business as HERBERT F. DARLING ENGINEERING CONTRACTORS, Respondents. (Appeal No. 3.)

SIEGFRIED CONSTRUCTION CO., INC., Appellant, v HERBERT F. DARLING et al., Doing Business as HERBERT F. DARLING ENGINEERING CONTRACTORS, Respondents. (Appeal No. 4.)

SIEGFRIED CONSTRUCTION CO., INC., Appellant, v HERBERT F. DARLING et al., Doing Business as HERBERT F. DARLING ENGINEERING CONTRACTORS, Respondents. (Appeal No. 5.)

Fourth Department, November 6, 1975

*Weaver, Maghran & McCarthy (W. Donn McCarthy* of counsel), for Siegfried Constr. Co., Inc., appellant.

*Saperston, Wiltse, Day & Wilson (Warren S. Radler* of counsel), for Niagara Wrecking & Lumber Co., Inc., appellant.

*Paul William Beltz, P. C.,* for John C. Allman, respondent.

*Ohlin, Damon, Morey, Sawyer & Moot (James McAskill* of counsel), for Herbert F. Darling and another, respondents.

*Brownstein, Canale, Madden & Burke (John Canale* of counsel), for Herbert F. Darling and another, respondents.

DEL VECCHIO, J. Plaintiff, employee of subcontractor Darling, recovered a judgment against the general contractor Siegfried, and subcontractor Niagara, for personal injuries sustained when he was struck by a mass of frozen earth which fell into an excavated area where he was removing sheet piling at a construction site. The jury assigned 70% of the responsibility for damages to Siegfried and 30% to Niagara, which was responsible for excavation and backfilling on the job.

Questions of fact were presented as to the negligence of these defendants and the jury's determination of them in plaintiff's favor is supported by evidence from which it could be found that Siegfried was negligent in locating a temporary stockpile near the excavation where plaintiff was working and that Niagara was negligent in the manner in which its drivers emptied its trucks at the stockpile near plaintiff's work area.

There was also a factual issue as to the casual relation between the accident and plaintiff's permanent respiratory disability presented by the conflicting medical evidence and opinions. We will not disturb the jury's conclusion with respect to it. However, upon the proof in the record the verdict of $400,000 was excessive, and a new trial on the issue of damages will be required unless plaintiff stipulates to reduce the verdict to the sum of $350,000, in which event the judgment will be so modified and, as modified, affirmed.

In these five related appeals Siegfried also appeals from the trial court's dismissal of its claims for contractual indemnification against the subcontractors Niagara and Darling and for common-law indemnification against Darling; Niagara appeals from the court's dismissal of its claim for common-law indemnification against Darling.

With respect to the claims asserted against Darling for common-law indemnification, we find no basis for the imposition of such liability in the record. Common-law indemnification requires that the one made subject to the obligation be a primary or principal wrongdoer; for his negligence he is held liable to one who has been cast in damages to the injured party *(Tipaldi v Riverside Mem. Chapel,* 273 App Div 414, 418, affd 298 NY 686). In this case no showing that Darling was a primary wrongdoer guilty of negligence has been made. Darling was the subcontractor to perform the installation and removal of sheet piling. At the time of the accident it was performing this work in the excavation below ground level. When Darling's superintendent observed material falling into the excavated area from the backfilling operation being conducted above by Niagara on the day prior to the accident, he repeatedly pointed out the resulting hazard to the general contractor's superintendent on the job site and, when he threatened to remove his men from their work area, was assured the backfilling operation would cease. Thereafter, on the morning of the accident, he observed no more material falling into the excavation. Nothing in the conduct of Darling represented primary wrongdoing causing the injuries sustained by plaintiff.

With respect to the dismissal of Siegfried's claims for contractual indemnification against Darling and Niagara, we believe the disposition as to the latter subcontractor was error. The contracts between the general contractor Siegfried and each of the subcontractors who are parties to these appeals contain indemnification provisions identical to each other and not substantially different from that construed by the Court of Appeals in *Margolin v New York Life Ins. Co.* (32 NY2d 149). In that case the provision was found to be of sufficient dimension to require the indemnitor to indemnify the indemnitee against the latter's own primary negligence, so long as the damages resulted from the work undertaken by the subcontractor. With that construction before us, we apply the same test there applied—viz., did the damages sustained by plaintiff arise from the work of the subcontractor sought to be charged as indemnitor?

In the case of the subcontractor Niagara, this very question was determined against it by the jury's verdict in favor of plaintiff against Niagara. Siegfried is therefore entitled to judgment on its cross claim for contractual indemnification against the latter.

With respect to Siegfried's claim for similar relief against Darling, we agree with the trial court's dismissal. The injuries sustained by plaintiff were not caused by and did not result from the work undertaken by Darling. That contractor neither directed, had control over nor was engaged in the surface level earth moving activity that precipitated the fall of the frozen mass that struck the plaintiff. The most that can be said is that Darling was working in the area of the mishap at the time of the accident; presence alone however is not the equivalent of causation. There was therefore lacking that relationship between the injuries and Darling's work which was a prerequisite to contractual liability to indemnify.

MARSH, P. J., MOULE, CARDAMONE and WITMER, JJ., concur.

In Appeal No 1 judgment, entered December 5, 1973, unanimously reversed on the facts and a new trial granted with costs to appellants to abide the event, unless the plaintiff shall, within 10 days, stipulate to reduce the verdict to the sum of $350,000, as of the date of the rendition thereof, in which event the judgment is modified accordingly and as modified affirmed, without costs.

In Appeal No 2 judgment, entered November 19, 1973, unanimously reversed, with costs and judgment granted in favor of Siegfried Construction Co., Inc. on its cross claim in accordance with opinion by DEL VECCHIO, J.

In Appeal No 3 judgment, entered October 10, 1973, dismissing third-party complaint, unanimously affirmed, with costs.

In Appeal No 4 judgment, entered October 4, 1973, unanimously affirmed, with costs.

In Appeal No 5 judgment, entered October 10, 1973, dismissing first cause of action in third-party complaint, unanimously affirmed, with costs.