OPINION OF THE COURT
Edward H. Lehner, J.
This is an action for a judgment declaring a 1978 lease between the parties to be in effect and a 1981 lease to be null and void. A nonpayment proceeding based on the 1981 lease was instituted by defendant against plaintiff in the Civil Court of the City of New York in September, 1981. Plaintiff’s motion now before the court is to remove that proceeding to this court and consolidate it with said declaratory judgment action. The theory behind the request is that the Civil Court cannot provide complete relief because it allegedly does not have jurisdiction to adjudicate plaintiff’s affirmative defense that the 1981 lease is not binding because it was executed under unlawful duress.
FACTS
A final judgment of possession in a prior nonpayment proceeding was obtained on default by defendant as landlord against plaintiff as tenant in the Civil Court on June 26, 1981. Plaintiff states that when it received a 72-hour *101 notice of eviction pursuant to that judgment it contacted defendant who agreed that if payment of back due rent by certified check was made by July 16, eviction would not ensue. The complaint states that instead of honoring such agreement, defendant locked plaintiff out of the premises prior to the expiration of the 72-hour period, but a day or two later agreed to grant plaintiff a new lease at a rent three times the existing rental. Plaintiff acknowledges that it signed such new lease, but claims that it did so under the duress of being deprived of its premises which it needed immediately for its weekend business. No explanation is offered as to why it did not employ the common procedure of procuring an order of the Civil Court staying eviction pending a hearing on alleged improper service.
Since plaintiff refused to pay the higher rental, in September the landlord commenced the pending nonpayment proceeding and plaintiff asserted the aforesaid affirmative defense. Plaintiff then instituted the instant action.
ISSUE PRESENTED
The issue raised by this motion is whether the Civil Court has jurisdiction to determine on the merits whether the 1981 lease is enforceable in light of the alleged unlawful duress. If so; that court can resolve all of the relevant issues between the parties in that proceeding with the result that there would be no need for removal.
RELEVANT STATUTES
Section 208 (subd [c], par 1) of the New York City Civil Court Act grants the Civil Court jurisdiction of a counterclaim for rescission or reformation “if the amount in controversy on such counterclaim does not exceed $10,000”. Here the monthly rental under the 1981 lease is over $5,000. Thus, the lease rental involved is well over the jurisdictional limit of the section.
Section 212-a of the Civil Court Act gives the court jurisdiction of an action for a declaratory judgment but only with respect to controversies relating to an obligation of an insurer to indemnify or defend a defendant.
Section 905 of the Civil Court Act allows the court to consider any defense to a claim whether it be “deemed legal or equitable in nature.”
*102 In a summary proceeding, over which the Civil Court has jurisdiction (CCA, § 204), RPAPL 743 provides that an answer “may contain any legal or equitable defense, or counterclaim.”
RPAPL 747 (subd 1) states that the court in a summary proceeding “shall direct that a final judgment be entered determining the rights of the parties.” Subdivision 2 of the section provides that the final judgment “shall not bar an action, proceeding or counterclaim, commenced or interposed within sixty days of entry of the judgment, for affirmative equitable relief which was not sought by counterclaim in the proceeding because of the limited jurisdiction of the court.”
ANALYSIS
The concept of a party being able to assert equitable defenses and counterclaims in a summary proceeding has been in the law since before the turn of the century. However, such a defense in courts not having general equity power has consistently been held to be usable only as a “shield and not as a sword”, with the result that the defense may be used to defeat a proceeding but not as a basis for obtaining affirmative relief. (See, e.g., Bien v Bixby, 18 Misc 415; Great Park Corp. v Goldberger, 41 Misc 2d 988.) In the latter case (41 Misc 2d 988, 989, supra) the court stated that “any equitable defense offered by the tenant to show that the landlord is not entitled to such possession must be considered.”
In Magnotta v Parkway Fleetwood Bldg. (277 App Div 896) a denial of a motion to dismiss a Supreme Court declaratory judgment action was reversed because the court found that the relief sought in such action was obtainable by way of defense in a pending summary proceeding.
In Lun Far Co. v Aylesbury Assoc. (40 AD2d 794) it was ruled that since the “Civil Court has jurisdiction of the tenant’s defense based on so-called reformation grounded on an executed oral modification of the lease provisions for termination at the landlord’s option”, removal was not appropriate. (See, also, Childress v Lipkis, 72 AD2d 724, app dsmd 48 NY2d 975.)
*103 From the statutes and authorities cited it is clear that plaintiff can raise the defense of duress when the landlord seeks to enforce the 1981 lease. If the defense is sustained, the landlord would be unable to enforce that lease. The question before the Civil Court would then be whether the 1978 lease was effectively terminated. In deciding that issue the court would deal with all of the issues raised by the tenant, including improper service.
What then would be the status of the 1981 lease? Although the Civil Court cannot render a judgment declaring it rescinded, that for all practical purposes would be the effect of a ruling sustaining such defense. True, if plaintiff desires a court judgment declaring the 1981 lease rescinded, it would have to continue this action. But, if it obtained such a ruling on duress, under the concept of res judicata it could obtain summary judgment in this court.
In opposition to the above analysis, plaintiff cites Hotel New Yorker Pharmacy v New Yorker Hotel Corp. (40 AD2d 967). There the tenant sued in Supreme Court for an injunction to prohibit the landlord and the former landlord from interfering with its pharmacy business. The landlord counterclaimed for rent. Three months later the landlord instituted a nonpayment proceeding for the same relief sought in the counterclaim, which proceeding was, on tenant’s motion, removed to the Supreme Court. The fact pattern is obviously different. There is no defense the tenant could raise in the Civil Court that would result in its obtaining the relief sought. Also different, was the fact that the summary proceeding was commenced several months after the injunction action and that the tenant was requesting relief in addition against the former landlord who was not a party to the summary proceeding.
Barak v 28 E. 6262 Realty Corp. (70 AD2d 543), which also granted removal, is also distinguishable as there the tenant was seeking specific performance of a contract to purchase a condominium, which relief could not be obtained by counterclaim in the subsequently instituted nonpayment proceeding.
Lastly, in the case at bar, it is expected that the summary proceeding will be heard promptly after this motion *104 is decided. As stated in Lun Far Co. v Aylesbury Assoc. (supra, p 794) “a prompt and expeditious determination may be had” in the Civil Court and the “ends of justice are always promoted by the speedy trial of an action.”
As a postscript, the court notes that in the cases cited and in the case at bar, litigants and Judges have spent much time and effort in resolving issues that arise from the differing jurisdiction of various courts. Such problems would be eliminated if court consolidation, as proposed by the Governor and Chief Judge Cooke, were adopted.
Motion denied.