OPINION OF THE COURT
Alexander Graves, J.
The within is an action to replevy United States currency in the amount of $14,954 plus five tape recorders seized from the plaintiffs during their arrest on various gambling charges and now in the possession of the police property clerk. Plaintiffs have moved for summary judgment; defendants have opposed the motion.
The circumstances giving rise to this suit are not in dispute. On October 26, 1982 the plaintiffs were arrested on charges of possession of usurious loan records, promoting gambling and possession of gambling records. At the time of their arrest approximately $7,647 taken from plaintiff Joseph Weiss and $7,307 taken from plaintiff Frank Lucci was placed in the custody of the police property clerk and plaintiffs were issued vouchers in these amounts. (Plaintiffs claim that five tape recorders were also taken from them at this time, however, the vouchers do not reflect these items.) On January 17, 1983 charges against the plaintiffs were dismissed. On January 27,1983 *595 the District Attorney issued to plaintiffs a release indicating that moneys held by the property clerk would no longer be needed as evidence in pending trial.
Ordinarily in cases where, as here, charges against a defendant have been dismissed and a District Attorney’s release issued, the owner of property would at this point present the release to the police property clerk. The property clerk would then have a period of 10 days in which to institute forfeiture proceedings or return the property to its owner. (See McClendon v Rosetti, 369 F Supp 1391.) Here, however, plaintiffs commenced suit on November 15, 1982 — approximately two weeks after the plaintiffs’ arrest and two months before disposition of the criminal charges. Later on February 7, 1983, after a District Attorney’s release had been issued, some form of additional demand was made upon the police property clerk for a return of the moneys held. The defendants did not counterclaim for forfeiture in their original answer. Months later, in April, 1983 defendants moved to amend their answer to assert a counterclaim of forfeiture. That motion was granted by this court without opposition.
The instant motion has focused the court’s attention on a question which apparently has not been previously addressed, that is, whether this court had jurisdiction over a claim for forfeiture. It appears that such a cause of action partakes something of the nature of a declaratory judgment action, for the court is asked, in effect, to determine which of the parties has title to the property in question. CCA 208 specifies the jurisdiction of this court with respect to counterclaims. The counterclaim here is not a counterclaim for money only (CCA 208, subd [b]), nor does it seek rescission or reformation of the transaction upon which the plaintiff’s cause of action is founded (CCA 208, subd [c], par 1) or “an accounting between partners after the dissolution of the partnership” (CCA 208, subd [c], par 2). The remaining provision (CCA 208, subd [a]) merely provides that the court has jurisdiction of “any counterclaim the subject matter of which would be within the jurisdiction of the court if sued upon separately.” Since the forfeiture claim is not an action or proceeding for the recovery of money or of a chattel nor an action or proceeding for the *596 foreclosure of a lien on personal property (CCA 202), and since no other provision of CCA article 2 is remotely applicable, the court concludes that it has no jurisdiction over a cause of action for forfeiture.
The plaintiff’s cause of action and the counterclaim are so closely intertwined that an independent determination of each would be virtually impossible. Therefore, the court will exercise its authority under article VI (§ 19, subd f) of the New York State Constitution to transfer the entire action to the Supreme Court. (See Kemper v Transamerica Ins. Co., 61 Misc 2d 7.) The order herein shall provide that the clerk of this court, upon being served with the order and notice of entry thereof, shall transfer his entire file to the clerk of the Supreme Court, Richmond County. No decision on plaintiff’s pending motion for summary judgment is made by this court, such determination being properly reserved to the Supreme Court.