OPINION OF THE COURT
Robert D. Lippmann, J.
The issue: Does the Civil Court have sufficient jurisdictional power under the NY State Constitution, article VI, § 19 (f) over a case beyond the court’s jurisdictional maximum to entertain a motion to reduce the ad damnum clause so as to bring the case within the court’s jurisdiction? The court rules that it does.
Plaintiff brought an action for property damage in the amount of $26,363.53 to the Civil Court by serving defendant with a summons and complaint delivered to the Secretary of State on May 18, 1984, the last day before the tolling of the Statute of Limitations. Defendant moved to dismiss on the ground that this court does not have subject matter jurisdiction over the action. Plaintiff cross-moved to reduce its claim to $25,000 nunc pro tune.
As every first year law student knows, subject matter jurisdiction denotes the general power of a court to act with reference to *966 a class of cases. The Civil Court’s jurisdictional maximum is $25,000, up from $10,000 as of January 1,1984. If the monetary damages prayed for exceed the court’s jurisdiction, the court has no power to act; it must dismiss the action. Were the court to dismiss this case, plaintiff would have to recommence its action in the Supreme Court by .serving process again upon defendant. This plaintiff cannot do as the Statute of Limitations has run. Plaintiff would be without redress for its grievance. However, there are recourses to the drastic measure of dismissal.
First, the Civil Court itself may transfer the case to the Supreme Court. Such a transfer is authorized by the NY State Constitution, article VI, § 19 (f) which provides: “The courts for the city of New York established pursuant to section fifteen of this article shall transfer to the supreme court or the surrogate’s court or the family court any action or proceeding which has not been transferred to them from any of said courts and over which the said courts for the city of New York have no jurisdiction.”
The provisions of section 19 are “‘a self-executing grant of constitutional power * * * not dependent upon any legislative enactment for implementation’ ”. (Kemper v Transamerica Ins. Co., 61 Misc 2d 7, 9 [Civ Ct, NY County 1969].)
Second, plaintiff may bring a motion to the Supreme Court under CPLR 325 (b). It is then the Supreme Court that removes to itself the action brought to the Civil Court.
Today, the court adopts a third alternative. As noted above, section 19 (f) empowers the Civil Court to transfer on its own motion a case beyond its jurisdiction. That the Civil Court has some jurisdictional power over a case improperly brought before it is therefore evident. If this court stopped at this grant of power and rigidly adhered to procedural law the following scenario would obtain: The case would be transferred to the Supreme Court; plaintiff would there bring its motion to reduce its ad damnum clause; upon the grant of the motion, the case would be returned to the Civil Court for adjudication. This circular movement may satisfy punctilious procedural requirement but it is abrasive to logic and wasteful of time and judicial resources.
Decisional law exists to support jurisdictional power to amend downwards the amount demanded to within this court’s jurisdiction. In Columbia Can v Allied Adhesive Corp. (NYLJ, Feb. 27, 1975, p 16, col 7), the Appellate Term, Second Department, unanimously reversed the court below, holding that the Civil Court should have permitted an amendment correcting “a transparent scrivener’s error.” While this case presents no scrivener’s error, the equally compelling reason of judicial economy dictates *967 that plaintiff’s motion be granted so that the case not proceed through a revolving door only to return here eventually.
Moreover, since the court has some jurisdictional power under section 19 (f) to transfer from itself a case to the Supreme Court, it is reasonable to conclude that it has sufficient power under the same provision to retain a case where a plaintiff moves to reduce the monetary demand to bring the action within the court’s jurisdictional maximum. (See, Siegel, 1971 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, 1984-1985 Pocket Part, CCA 202, p 18.)
Defendant suffers no prejudice as a consequence of today’s ruling. Had plaintiff moved under CPLR 325 (b) in the Supreme Court to initiate a transfer, subsequent proceedings there would be had “as if the action had been originally commenced there and no process, provisional remedy or other proceeding taken in the court from which the action was removed shall be invalid as the result of the removal” (CPLR 326 [b]). Since the action was timely brought to this court, a transfer, is not barred by the Statute of Limitations and the parties may proceed to the merits.
The Legislature has not provided similar guidelines concerning transfers made by this court pursuant to NY Constitution, article VI, § 19 (f). There would be limited utility to the enactment if a transfer by the court itself imposed upon the plaintiff the need to once again serve process or resulted in a reduction in the measure of relief that would have been obtained had plaintiff made an identical application under CPLR 325 (b). “It was not the intention of the framers of the amendment to enact a nullity; but to simplify removal procedures without diminishing the rights otherwise accruing on removal.” (Kemper v Transamerica Ins. Co., supra, p 10.)
The status of this action after a court transfer should be identical to the status it would have when a transfer is initiated under CPLR 325 (b). Under any of the three alternatives discussed herein, plaintiff’s action would not be time barred. Defendant’s rights, therefore, have not been diminished.
Accordingly, the court grants plaintiff’s cross motion to reduce its ad damnum clause to $25,000 nunc pro tune and denies defendant’s motion to dismiss.
Additionally, we grant plaintiff’s motion for examination before trial of all defendants. Deposition of all parties is set for February 1, 1985 at 10:00 a.m. in Special Term, Part II.