OPINION OF THE COURT
Martin Schoenfeld, J.
The instant case, in which I am unfortunately without power to grant summary judgment to defendant CBS Inc., for lack of subject matter jurisdiction, further exemplifies the value of having the Civil Court consolidated with the State Supreme Court.
In this Civil Court action plaintiff Eli W. Kaufman, a former vice-president and general sales manager in the radio division of CBS Inc., seeks indemnification from the latter for his share of costs incurred in defending and settling a lawsuit brought by a female employee in the United States District Court for the Eastern District of Pennsylvania. His indorsed complaint states in part that: "Mr. Kaufman is entitled to indemnification under Secs. 721 et seq. of the Business Corporation Law, pursuant to the by-laws of CBS, and at common law for breach of implied contract and fiduciary duty.” CBS Inc. *65 requests that summary judgment be granted and that the complaint be dismissed.
The Federal lawsuit had been commenced against Mr. Kaufman for alleged verbal and physical harassment as well as other intentional acts, and against CBS Inc. for having hired and retained him. Without going into too much detail, suffice it to say that the Federal suit stemmed from Mr. Kaufman’s prior offensive acts during a well-attended business dinner. At such time, in an apparent attempt to be humorous, he admittedly grabbed a piece of a subordinate CBS employee’s clothing and made a lewd remark about her in public.
The present lawsuit by Mr. Kaufman for indemnification therefore seems frivolous in that no view of the facts could support a position that CBS Inc. was primarily responsible for his offensive conduct. (Rock v Reed-Prentice Div. of Package Mach. Co., 39 NY2d 34, 39 [1976]; Trustees of Columbia Univ. v Mitchell/Giurgola Assocs., 109 AD2d 449, 451 [1st Dept 1985]; Allman v Siegfried Constr. Co., 49 AD2d 357, 360 [4th Dept 1975].) Insensitive and unwarranted conduct toward another employee is an obvious deviation from one’s duties and cannot reasonably be construed under corporate bylaws or otherwise as being an act within the scope of Mr. Kaufman’s employment. Nor by any stretch of the imagination can it be said that he acted in good faith for a purpose reasonably believed to be in the best interests of the corporation. (Business Corporation Law § 722 [a]; Schmidt v Magnetic Head Corp., 97 AD2d 151, 160-161 [2d Dept 1983].)
Unfortunately, despite the complaint’s apparent lack of merit additional duplicative judicial time and effort will have to be expended because section 724 (a) of the Business Corporation Law requires that a corporate indemnification proceeding may only be brought either as part of the original action, in this case the Federal action, or in the Supreme Court. Thus, the Civil Court does not have subject matter jurisdiction to determine the present summary judgment motion, and I am constrained by article VI, § 19 (f) of the NY Constitution to transfer the entire case with its statutory and other intertwined indemnity claims to the Supreme Court. (Kaminsky v Connolly, 73 Misc 2d 789 [App Term, 1st Dept 1972]; Weiss v Furlong, 120 Misc 2d 594 [Civ Ct, Richmond County 1983].)
Accordingly, either party may file with the Clerk of the Supreme Court, New York County, a copy of this order together with a request for judicial intervention and assign *66 ment to an individual assignment part. Upon receiving proof of such filing the Clerk of the Civil Court shall transfer to the Supreme Court all papers in its possession including those pertaining to the present summary judgment motion. It should be noted that if plaintiff does intend to further pursue his claim, section 724 (a) (2) of the Business Corporation Law requires submission of a statement giving reasonable cause for the failure to apply for such relief in the Federal action.