OPINION OF THE COURT
Kenneth W. Rudolph, J.
In the case at bar plaintiff maintains this action, upon the grounds of unlawful eviction proceedings. In each of four separate causes of action plaintiff seeks damages in excess of this court’s monetary jurisdiction powers.[1]
*472 The question at bar is whether a City Court outside the City of New York has jurisdiction power over a case beyond its monetary jurisdiction to entertain a motion to reduce the ad damnum clause to bring the case within the court’s jurisdiction.
In an analogous case, B & R Textiles Corp. v Empire Bias Binding Co. (126 Misc 2d 965, 966), the Civil Court of the City of New York answered this question in the affirmative relying upon jurisdiction and transfer powers granted to the Civil Court pursuant to NY Constitution, article VI, § 19 (f) which provides "The Courts for the city of New York established pursuant to section fifteen of this article shall transfer to the supreme court or the surrogate’s court or the family court any action or proceeding which has not been transferred to them from any of said courts over which the said courts of the city of New York have no jurisdiction”.
The transfer powers of City Courts outside the City of New York are contained in New York State Constitution, article VI, § 19 (i) which provides in part, that a City Court may not transfer actions or proceedings to the County Court or the Supreme Court.* [2]
This jurisdictional authority is exactly the opposite of that which is vested in the courts of the City of New York. Therefore, B & R Textiles Corp. v Empire Bias Binding Co. (supra) is not controlling. This court is, therefore, without power to act, and the action must be dismissed for lack of jurisdiction.
Defendants’ motion to dismiss is granted and plaintiffs cross motion to amend the ad damnum is denied.

. The first cause of action seeks damages in the sum of $25,000 for attempting to evict plaintiff in retaliation of plaintiff’s exercise of her constitutional rights; the second cause of action seeks treble damages based upon unlawful eviction proceedings pursuant to RPAPL 853; the third cause of action seeks damages in the sum of $25,000 for abuse of process; the *472 fourth cause of action seeks damages in the sum of $25,000 for harassment and severe emotional distress.

. NY Constitution, article VI, § 19 (i) provides, "As may be provided by law, the district court or town, village or city court outside the city of New York may transfer any action or proceeding, other than one which has previously been transferred to it, to any court, other than the county court or the surrogate’s court or the family court or the supreme court, having jurisdiction of the subject matter in the same or an adjoining county provided that such other court has jurisdiction over the classes of persons named as parties.” (Emphasis added.)