■ In the Matter of ANTHONY SUGANTINO, Appellant, v NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent. [664 NYS2d 813] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Higher Education Services Corporation dated May 16, 1996, which denied the petitioner's application under 8 NYCRR 2202 *et seq.* for a Tuition Assistance Program award for the 1994-1995 academic year, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Silverman, J.), entered October 3, 1996, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The respondent correctly determined that the petitioner was categorically ineligible for a Tuition Assistance Program award (hereinafter TAP award) under 8 NYCRR 2202 *et seq.* for the 1994-1995 academic year (*see,* 8 NYCRR 2202.4 [a] [2] [iii]) because he was claimed as a dependent on his mother's 1993 and 1994 income tax returns as well as his father's 1993 return. The petitioner contends that the respondent did not rely upon this ground when it denied his request for a TAP award, and therefore the respondent may not assert that ground in this proceeding. However, contrary to the petitioner's contention, the respondent did rely upon this ground when it denied his application for a TAP award. In the respondent's final determination letter dated May 16, 1996, one of the grounds given for the respondent's denial of the application was the petitioner's statement that he was "unable to confirm whether or not [the petitioner] had been listed as a dependent on his parent's Federal and State income tax returns since 1993".

Although the agency granted the petitioner's TAP award application for the 1995-1996 academic year under its administrative discretionary authority (*see,* 8 NYCRR 2202.4 [d]), the decision to deny his 1994-1995 application can be reconciled by the fact that the petitioner was apparently not claimed on his parent's tax returns during the 1995 calendar year.

In addition, since the petitioner failed to provide the information from the Social Security Administration describing the nature of the category of his benefits, as requested by the re-

spondent, he did not prove that he was financially independent under 8 NYCRR 2202.4 (a) (3) (iv). Consequently, the petitioner failed to establish that the agency's determination that his Supplemental Security Income was not "public assistance" was irrational or without a reasonable basis in law (see, Matter of Howard v Wyman, 28 NY2d 434, 438 [the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld]).

· Accordingly, the Supreme Court's determination to deny the petition and dismiss the proceeding was not affected by an error of law and was not arbitrary and capricious or without a rational basis (see, Matter of Pell v Board of Educ., 34 NY2d 222). O'Brien, J. P., Thompson, Sullivan and McGinity, JJ., concur.