OPINION OF THE COURT
Paul G. Feinman, J.
This commercial holdover proceeding arises in the context of a larger schism within a church over its relationship with its *499 pastor. Here, the petitioner church seeks to remove the respondent pastor from possession of the pastor’s office and other church premises. Respondent has moved to dismiss the petition on the grounds that it fails to state a cause of action, that the court lacks subject matter jurisdiction (CPLR 3211 [a] [7], [2]) and that the petition was not properly served. Although on the original return date of the motion petitioner requested and was granted an adjournment to serve and file opposition papers, it failed to do so. At oral argument on June 17, 2002 petitioner opposed the motion relying on the strength of the petition itself.
The verified petition alleges that petitioner, an incorporated church, formerly employed respondent as pastor* and, as incident to his employment, he entered into possession of the pastor’s office and “rest of the Church.” (See notice of motion exhibit 1). By notice dated April 4, 2002, entitled “Notice of Termination,” petitioner “elect [ed] to terminate [respondent’s] license” and required respondent to surrender possession of the pastor’s study and office and the rest of the space, by April 15, 2002 (see notice of motion exhibit 3). The notice is signed by three deacons and the vice-chairman who comprise petitioner’s Board of Deacons and, according to the affidavit of proof of service, was personally served on respondent on April 5, 2002 by Rudolph Bertram Holder, one of the deacons. Respondent did not vacate the premises, and the notice of petition and petition dated April 24, 2002 was served by substituted service on May 13, 2002. On May 14, 2002, copies of the documents were mailed by certified and first class mail to the church office as well as to a second address in the Bronx.
In determining a motion pursuant to CPLR 3211 (a) (7), the court must “accept the facts as alleged in the complaint as true, accord plaintiíff ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; accord, Campaign for Fiscal Equity v State of New York, 86 NY2d 307, 318 [1995]). The test is “whether the proponent of the pleading has a cause of action, not whether he has stated one.” (Leon v Martinez, supra at 88). In order for respondent to prevail, he must convince the court that nothing *500 petitioner can reasonably be expected to prove would establish a valid claim (Siegel, NY Prac § 265 [3d ed]).
Respondent’s verified answer consists of five affirmative defenses and one counterclaim. The affirmative defenses are that the Board of Deacons lacks authority to issue the notice of termination, subject matter jurisdiction, continued employment, no landlord-tenant relationship, and improper use of a summary proceeding to terminate employment rather than bringing an action in New York Supreme Court. The counterclaim is for malicious prosecution with the intent of ousting respondent from his employment and the subject premises.
In his motion to dismiss, respondent alleges this proceeding is retaliatory, following his discovery of “serious irregularities and improprieties” in the church finances (Mann affidavit if 3). He argues he has never been properly dismissed from his post as pastor and rightfully remains in possession of the premises (Mann affidavit if if 7-11). As proof, he includes copies of two of petitioner’s checks, dated May 12, and May 19, 2002, both made out to him in the amount of $300, which he contends show he was still employed more than a month after the April 15, 2002 date he was supposed to relinquish the tenancy (notice of motion exhibit 8). He also includes uncertified copies of some of the pages of the church bylaws which state that “the membership reserves the right to terminate his service as pastor at any time,” and that actions regarding dismissal “shall be by a vote of the Church upon recommendation of the Board of Deacons” (notice of motion exhibit 4; bylaws, art VII, § 1; art I, § 5). The bylaws state that a pastor must have 90 days’ notice of termination “unless such Pastor becomes involved in some moral turpitude as to make his termination in a shorter period necessary,” although he is to be paid for the last 90 days in any event (notice of motion exhibit 7, bylaws, art VII, § 3). Respondent alleges he is unaware of a church meeting and that there has been no vote to dismiss him (notice of motion, Mann affidavit, 10), and that the only notice he received was the 10-day notice of termination referenced above. He also avers he has not been charged by petitioner with moral turpitude (notice of motion, Mann affidavit, 13).
Although the affidavits and other exhibits submitted in support of respondent’s motion raise genuine and serious questions of fact as to whether the Reverend Mann has been properly terminated pursuant to the church bylaws, he has not proffered affidavits from church members or other documentation that would conclusively rebut petitioner’s allegations of *501 holdover based on termination of employment. Moreover, because this motion was styled as one brought pursuant to CPLR 3211 based on the inadequacy of the pleadings, rather than a summary judgment motion pursuant to CPLR 3212, the petitioner has no burden to lay bare its proofs on this motion. Indeed, petitioner chose not to submit opposition papers in response to defendant’s motion to dismiss and relies on the petition itself. Here, the standard articulated in Leon v Martinez (84 NY2d 83) prevents dismissal of the petition, given that the petitioner’s claims, without regard to the respondent’s allegations and evidence, if true, sufficiently establish a cause of action.
Turning to the respondent’s second argument, lack of subject matter jurisdiction, the court begins with the general observation that a summary proceeding in the Commercial Landlord-Tenant Part of the Civil Court encompasses the recovery of possession of real property, removal of tenants, and rendering judgment for rents due (CCA 204). “It is well settled that Civil Court has jurisdiction over landlord-tenant disputes encompassed in summary proceedings and that when it has the power to decide the dispute, it is desirable that it should do so.” (Subkoff v Broadway-13th Assoc., 139 Misc 2d 176, 176 [Sup Ct, NY County 1988], citing Post v 120 E. End Ave. Corp., 62 NY2d 19, 28 [1984].) The issue in a summary proceeding for possession is whether the landlord is entitled to possession, and any legal or equitable defense offered by the tenant to show that the landlord is not entitled to possession must be considered (Cobert Constr. Corp. v Bassett, 109 Misc 2d 119, 121 [App Term, 1st Dept 1981]; RPAPL 743; see also CCA 905 [equitable defenses may be heard in Civil Court]). Equitable defenses are those which, if established, destroy the petitioner’s rights (3 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 43.38, at 138 [4th ed]). However, an equitable defense brought in a court lacking general equity power, such as Civil Court, may be used only as a “shield and not as a sword,” meaning that it may be used to defeat a proceeding but not as a basis to obtain affirmative relief (220V Elec. Dealer Supply v Rondat, Inc., 111 Misc 2d 100, 102 [Sup Ct, NY County 1981]).
Given the factual allegations before this court, it would appear that petitioner’s claims for affirmative relief, i.e., eviction of the respondent, cannot be established absent a declaratory judgment that the respondent pastor was properly terminated. While the court would have jurisdiction to adjudicate the respondent’s affirmative defense of continued employment to *502 the extent it is raised as a “shield,” in this case petitioner’s claims, that is, petitioner’s “sword,” require a declaratory judgment in the Supreme Court definitively establishing respondent’s employment status. That finding by this court, however, does not necessarily mean the remedy is dismissal. Article VI (§ 19 [f]) of the New York State Constitution provides that “[t]he courts for the city of New York established pursuant to section fifteen of this article shall transfer to the supreme court * * * any action or proceeding which has not been transferred to them from any of said courts over which the said courts for the city of New York have no jurisdiction.” Thus, respondent’s remedy is removal, not dismissal.
Respondent’s third argument in support of dismissal is that the notice of termination was served upon him by a party to the action. While it is correct that under CPLR 2103 (a), a party to an action may not serve papers, petitioner is a corporate entity, and the fact that respondent was personally served by Deacon Rudolph Bertram Holder, a member of the Board of Deacons, does not vitiate service. Deacon Holder is an agent of the corporation, and may properly serve respondent (see Grid Realty Corp. v Gialousakis, 129 AD2d 768 [2d Dept 1987] [president of corporate plaintiff validly served process on defendant]).
Accordingly, it is ordered that the motion to dismiss the petition for failure to state a cause of action, lack of subject matter jurisdiction, and improper service is denied; and it is further ordered that motion to award legal fees, costs and disbursements is denied; and it is further ordered that this proceeding is removed to the Supreme Court, County of New York, pursuant to article VI (§ 19 [f|) of the New York State Constitution.

 Respondent became pastor in about November 2001 (notice of motion, Mann affidavit, [} 3).