In the Matter of JEROME E. SECKLER, Appellant, v COUNTY OF NASSAU et al., Respondents. [778 NYS2d 41]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel the respondents to pay the petitioner the sum of $56,638.83, representing accrued but unused vacation time, pursuant to Nassau County Ordinance No. 543-1995 § 3.4 (b), the petitioner appeals from a judgment of the Supreme Court, Nassau County (Warshawsky, J.), entered January 29, 2003, which, after a nonjury trial, inter alia, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondents' failure to pay the petitioner, upon his retirement, for accrued but unused vacation time in excess of 90 days pursuant to Nassau County Ordinance No. 543-1995 § 3.4 (b), was not arbitrary, capricious, or an abuse of discretion (see *Matter of Pell v Board of Educ.*, 34 NY2d 222 [1974]). Testimony at the trial established that the respondent Office of the Comptroller for the County of Nassau did not have the authority to make

the payment without a request from the respondent Office of the County Executive for the County of Nassau (hereinafter the County Executive) (*see* Nassau County Ordinance No. 543-1995 § 3.3 [a]; § 3.25). The County Executive's failure to authorize payment was in turn rational and had a reasonable basis in law (*see Matter of Howard v Wyman,* 28 NY2d 434, 438 [1971]; *Matter of Sugantino v New York State Higher Educ. Servs. Corp.,* 244 AD2d 558 [1997]). Testimony at the trial indicated that in order to establish that he was "prevented by the administrative needs of the department" from taking vacation within the meaning of Nassau County Ordinance No. 543-1995 § 3.4 (b), a request by the petitioner for vacation leave would have had to been made to and denied by the County Executive (*see* Nassau County Ordinance No. 543-1995 § 3.4 [a]; § 3.25). Accordingly, the Supreme Court properly declined to compel the respondents to pay the petitioner pursuant to that section (*see* CPLR 7803 [1]; *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 757 [1991]; *Matter of Crain Communications v Hughes,* 74 NY2d 626, 628 [1989]).

In light of our determination, the petitioner's remaining contention need not be addressed. Altman, J.P., S. Miller, Luciano and Crane, JJ., concur.