*95 OPINION OF THE COURT
Memorandum.
Order reversed without costs and defendant’s motion for summary judgment dismissing the action granted.
Plaintiff, a former Dutchess County Clerk, commenced the instant small claims action to recover costs he incurred to attend two conferences held by the New York State Association of County Clerks. After plaintiffs request for preapproval to attend one of the two conferences for which he seeks reimbursement was denied, plaintiff attended the conference and submitted a request for reimbursement which was also denied. The record before this court does not indicate that plaintiff sought preapproval to attend the second conference or that he submitted a request for reimbursement after attending said conference. Defendant moved for summary judgment dismissing the action, asserting, inter aha, that the court lacked subject matter jurisdiction because the relief sought was in the nature of mandamus. After the court denied defendant’s motion for summary judgment, this appeal ensued.
“[W]here the language of the complaint asserts violations of a plaintiffs rights under a contract and the primary thrust of the allegations is in contract, a plenary action sounding in contract is the appropriate remedy” (Abiele Contr. v New York City School Constr. Auth., 91 NY2d 1, 8 [1997]; Matter of Steve’s Star Serv. v County of Rockland, 278 AD2d 498 [2000]). However,
“when a petitioner asserts that the determination of a governmental body or public official is ‘in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion’ and seeks nullification of same, then an article 78 proceeding is the appropriate vehicle through which the claim may be addressed (CPLR 7803)” (Abiele Contr., 91 NY2d at 8).
In the instant small claims action, plaintiff does not assert that the denial of his requests for reimbursement constituted a breach of contract because he had a contractual right to be reimbursed. Rather, his arguments are premised upon his belief that his requests were denied, among other things, in violation of the County Executive’s authority, for political reasons, or that the denials were arbitrary and capricious. As a result, the proper form and forum for this action was as a CPLR article 78 proceeding in Supreme Court (see CPLR 7801, 7803 [3]; 7804 [b]; Abiele Contr., 91 NY2d at 7-8; Matter of Steve’s Star Serv. v *96 County of Rockland, 278 AD2d 498 [2000], supra; see also Matter of Seckler v County of Nassau, 7 AD3d 720 [2004]; Matter of Cohalan v Caputo, 94 AD2d 742 [1983]; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7801:3). Consequently, the court lacked subject matter jurisdiction and defendant’s motion for summary judgment dismissing the action upon this ground should have been granted.
Rudolph, EJ., Angiolillo and Lippman, JJ., concur.