OPINION OF THE COURT
Memorandum.
Judgment reversed without costs and action dismissed.
Plaintiff commenced this small claims action against the City of New York to recover a fine he paid in the sum of $350 to the Taxi and Limousine Commission (TLC). Plaintiff’s for-hire license was suspended on January 31, 2003 for failure to take a drug test. A notice of violation was issued by the TLC on April 30,2003. At the administrative hearing held on October 8, 2003, a determination was made that plaintiff failed to take an annual drug test within 30 days of the anniversary or renewal of his license, and a $350 fine was imposed against him for operating a vehicle for hire without a license. Plaintiff testified at trial that he was not notified that he was required to take an annual drug test and he was unaware that his license was suspended on January 31, 2003.
The court below found that plaintiff should have commenced a CPLR article 78 proceeding within four months of the administrative determination by the TLC. However, the court below did not dismiss the action for lack of jurisdiction. Rather, the court held that because the TLC may institute enforcement proceedings to collect fines imposed against its drivers in the Civil Court, fundamental fairness required the Civil Court to “open its doors” to plaintiff to contest the administrative determination and recover the fine imposed by the TLC.
Contrary to the opinion of the court below, the Civil Court is a court of limited jurisdiction, possessing only that subject matter provided by law (see NY Const, art VI, § 15), and a plain reading of article 2 of the New York City Civil Court Act demonstrates that it does not confer a private right of action against the City of New York to contest an administrative determination by the TLC and the fine imposed against plaintiff (see O’Neil v City of New York, 10 Misc 3d 30 [App Term, 2d & 11th Jud Dists 2005]). The proper form and forum for the relief sought is an article 78 proceeding in the Supreme Court (see CPLR 7801 [1]; see e.g. Matter of *88 Udodenko v City of New York, 5 Misc 3d 207 [2004]). Consequently, the judgment is reversed and the action dismissed.
Pesce, PJ., Golia and Rios, JJ., concur.