*947 OPINION OF THE COURT
Katherine A. Levine, J.
This case raises the apparently novel issue of whether the Civil Court of the City of New York must grant a “motion to convert and. correct” a summons and complaint filed in Civil Court into a proposed CPLR article 78 proceeding and then transfer said proceeding to Supreme Court or, in the alternative, simply dismiss the case for lack of subject matter jurisdiction.
Plaintiff Bernard Tyshawn Anderson Bey filed a summons with endorsed complaint against defendants City of New York and the New York City Department of Finance alleging loss of property for $5,459.14 with interest. He subsequently brought a “motion to correct” against the city defendants as well as a number of other city agencies “for an order correcting the initial summons and complaint into the proposed CPLR article 78 proceeding” which he attached to the motion, and for an order removing the proposed article 78 proceeding to Supreme Court, Kings County, in accordance with CPLR 325 (b) on the ground that the Civil Court lacked jurisdiction to grant the relief requested.
In the corpus of the proposed petition, plaintiff challenges the seizure and auction of his vehicles based on outstanding parking violations that had been issued against him. Thus, his request in the summons and complaint for a money order is predicated upon the alleged illegality of actions taken by the city defendants. Plaintiff also seeks to amend the caption to reflect his proper name. While he does not specifically request this court to add a number of new city entities as defendants, his proposed article 78 petition contains defendants other than those named and served in the complaint.
The city defendants cross-move to dismiss the action pursuant to CPLR 3211 (a) (2) on the ground that this court lacks subject matter jurisdiction over challenges to actions taken by a city agency. The City argues that pursuant to CPLR 7804, the Supreme Court has exclusive jurisdiction to rule upon challenges or appeals to administrative determinations.
“The Civil Court is a court of limited jurisdiction, possessing only that subject matter jurisdiction provided by law.” (Washington v Culotta, 13 Misc 3d 18, 21 [App Term, 2d & 11th Jud Dists 2006]; see NY Const, art VI, § 15 [b]; accord Green v Lakeside Manor Home for Adults, Inc., 30 Misc 3d 16, 18 [App Term, *948 2d Dept 2010]; Fuca v City of New York, 15 Misc 3d 86, 87 [App Term, 2d & 11th Jud Dists 2007]; see generally CCA 201 et seq.) Where the Civil Court, or any other lower court, lacks jurisdiction to hear a case, it may not determine any matter raised therein which is outside of the court’s jurisdiction. (See Fuca v City of New York, supra [small claims court without jurisdiction to determine whether plaintiff filed the action within four months of determination].) Put another way, where the Civil Court lacks jurisdiction, any proceedings had in that court are a nullity. (Kaminsky v Connolly, 73 Misc 2d 789 [App Term, 1st Dept 1972].)
Pursuant to article 2-B of the Vehicle and Traffic Law, and title 19, section 19-201 of the Administrative Code of the City of New York, the Parking Violations Bureau (PVB) is vested with exclusive jurisdiction to hear and render determinations on traffic infractions that constitute parking violations. (Vehicle and Traffic Law § 237 [9]; Administrative Code § 19-203 [h].) The PVB is empowered to enter and enforce judgments in the same manner as the enforcement of money judgments in civil proceedings. (Vehicle and Traffic Law § 237 [5].) Pursuant to Administrative Code §§ 19-206 through 19-208, administrative review of parking violations commences before a hearing officer and a respondent aggrieved by a decision of the hearing officer may obtain review of said decision by the Appeals Board of the PVB. (19 RCNY 39-12.) The decision of the Appeals Board is the final determination of the PVB and judicial review of such proceeding may be had through a CPLR article 78 proceeding. (Vehicle and Traffic Law § 243; Administrative Code § 19-209; see generally Hong Mai v City of New York, 8 Misc 3d 135[A], 2005 NY Slip Op 51179[U] [App Term, 2d Dept 2005]; Matter of Voccola v Shilling, 88 Misc 2d 103 [Sup Ct, Kings County 1976], affd 57 AD2d 931 [2d Dept 1977].)
An article 78 proceeding may only be brought in the Supreme Court. (CPLR 7804 [b]; Matter of Sovocool v David, 7 AD2d 262, 266 [1959]; Matter of Voccola, 88 Misc 2d at 109-111.) The Civil Court lacks jurisdiction to hear appeals of government actions, which, as set forth above, must be brought pursuant to article 78 in Supreme Court. (See Fuca v City of New York, 15 Misc 3d at 87 [CCA does not confer a private right of action against the city to contest an administrative determination by the Taxi and Limousine Commission]; Anderson v Dutchess County, 12 Misc 3d 94, 95 [App Term, 2d Dept 2006] [the proper forum for challenging actions taken by the County Executive as being *949 arbitrary and capricious was a CPLR article 78 proceeding in Supreme Court; since the small claims court lacked subject matter jurisdiction, the motion to dismiss must be granted]; see CPLR 7801, 7803 [3]; 7804 [b]; Housing & Dev. Admin. of City of N.Y. v Community Hous. Improvement Program, 90 Misc 2d 813 [App Term, 2d Dept 1977] [Civil Court lacks jurisdiction to grant either a declaratory judgment or article 78 relief which is limited solely to the Supreme Court].)
The Civil Court thus lacks jurisdiction to hear appeals of the PVB Appeals Board. (See CCA art 2; Hong Mai v City of New York, 8 Misc 3d 135[A], 2005 NY Slip Op 51179[U] [2005]; Matter of Voccola, 88 Misc 2d at 109-111.) However, this court need not, and under set precedent cannot, outright dismiss the case for want of jurisdiction. As set forth in the leading case of Kemper v Transamerica Ins. Co. (61 Misc 2d 7, 9 [Civ Ct, NY County 1969]), the establishment of a Unified Court System in 1962, and subsequent amendments to the State Constitution, obviated the “drastic relief of dismissal” when a lower court lacked subject matter jurisdiction. Pursuant to article VI, § 19 (f) of the Constitution, the Civil Court “shall transfer to the supreme court . . . any action or proceeding which has not been transferred to them from any of said courts and over which the said courts for the City of New York have no jurisdiction.” The provisions of section 19 are a self-executing grant of constitutional power not dependent upon any legislative enactment for implementation. (B&R Textiles Corp. v Empire Bias Binding Co., 126 Misc 2d 965, 966 [Civ Ct, NY County 1985], citing Kemper at 9.)
Transfer of an action over which the court has no jurisdiction is required on the court’s own motion.'* (Kaminsky v Connolly, 73 Misc 2d at 790; see also Baptist Temple Church, Inc. of N.Y. v Mann, 194 Misc 2d 498 [Civ Ct, NY County 2002] [where petitioner’s claim for affirmative relief — the eviction of the respondent pastor — cannot be accomplished without a declaratory judgment that the pastor was properly terminated, which was solely within the jurisdiction of the Supreme Court, the proper remedy was not dismissal of the *950 case but transfer of the case from Civil Court to Supreme Court]; Simmons v Simmons, 2 Misc 3d at 541 [the directive to transfer is cast in mandatory, and not permissive terms]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 202, at 37.)
Furthermore, within the context of other courts of limited jurisdiction, article VI, section 19 has been interpreted as mandating transfer rather than dismissal where such lower court lacked jurisdiction. (See Abrams v Braker Mem. Home, 123 AD2d 585 [1st Dept 1986] [article VI, § 19 (d) mandates transfer, rather than dismissal, when the Surrogate’s Court lacks jurisdiction]; Matter of Rita F. v Neil F., 12 Misc 3d 894 [Fam Ct, NY County 2006] [article VI, § 19 (e) obliges Family Court to transfer actions over which it has no jurisdiction to Criminal Court rather than dismiss the case for lack of jurisdiction].) In light of the above, this court is compelled to transfer the case to Supreme Court, Kings County rather than dismiss it.
However, since any ruling by this court on any aspect of plaintiff’s motion would be a nullity (see Kaminsky v Connolly, 73 Misc 2d 789 [1972]), this court is without jurisdiction to rule upon any of plaintiff’s requests, including amending his summons and complaint to reflect his proper name, adding new parties as defendants, correcting the initial summons and complaint into the proposed CPLR article 78 petition or accepting the article 78 petition as the operative pleading prior to transferring it to Supreme Court. Rather the effect of a transfer by this court should be the same as if a transfer had been effected by a Supreme Court order pursuant to CPLR 325 (b). (Kemper v Transamerica Ins. Co., 61 Misc 2d at 10.) Rather, once the case is transferred, it is within the purview of the Supreme Court to convert the civil judicial proceeding not brought in the proper form into a CPLR article 78 proceeding pursuant to CPLR 103 (c). (See Walsh v New York State Thruway Auth., 24 AD3d 755, 756 [2d Dept 2005] [Supreme Court had authority to convert an action to recover damages from breach of contract into a CPLR article 78 proceeding rather than dismiss action].)
Accordingly, plaintiff’s motion is granted to the extent of transferring this case to Supreme Court, Kings County, under the State Constitution. To implement the transfer, the plaintiff shall purchase an index number in Supreme Court and a request for judicial intervention and complete and file the appropriate forms and papers, with a copy of this order. The plaintiff shall *951 then present proof of the filing to the Clerk of the Civil Court, who shall then transfer this action and motion to Supreme Court. (Simmons v Simmons, 2 Misc 3d at 544; see Kaufman v CBS Inc., 135 Misc 2d 64, 65-66 [Civ Ct, NY County 1987].)

 Plaintiff incorrectly cites CPLR 325 (b) as authorizing this court to remove the case to Supreme Court. CPLR 325 does not contain a provision permitting a Civil Court judge to initiate the transfer to the Supreme Court. (Simmons v Simmons, 2 Misc 3d 536, 541 [Civ Ct, Queens County 2003].) Rather, plaintiff could have moved in the Supreme Court to have this case transferred pursuant to CPLR 325 (a) or (b).