(61 App. Div. 251.)

### WITHERS et al. v. STATE.

(Supreme Court, Appellate Division, Third Department. May 14, 1901.)

APPEAL—DECISIONS APPEALABLE—COURT OF CLAIMS.

An appeal from an order of the court of claims, refusing to dismiss a claim, is not authorized either by the general law or by Code Civ. Proc. § 275, authorizing either party to a proceeding in such court to appeal from an order or judgment thereof, such appeals to be governed by provisions of Code relating to appeals in the supreme court, but an appeal can only be taken from the judgment rendered thereon.

Appeal from court of claims.

Action by Frederick C. Withers and others against the state of New York. From an order of the court of claims refusing to dismiss plaintiff's claim, the state appeals. Appeal dismissed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

John C. Davies, Atty. Gen., for the State.
William F. Beutler, for respondents.

PER CURIAM. In Robinson v. Association, 42 App. Div. 65, 58 N. Y. Supp. 885, an order made upon a trial at special term, dismissing a complaint upon plaintiff's opening, upon the ground that it did not state a cause of action, was held not appealable. The remedy of the aggrieved party was held to be by appeal from the judgment entered thereupon. Van Brunt, P. J., writing for a unanimous court, says:

"It is difficult to see how the ruling of the court upon the trial of this action can be reviewed, except upon an appeal from a judgment when such judgment shall be entered. The order appealed from was a mere decision upon the trial, holding that, in view of the admissions of the plaintiff, no recovery could be had upon the complaint as it stood. Such a decision cannot be reviewed upon an appeal; but a judgment must be entered, an appeal taken from the judgment, a case made, and the appeal brought up in the regular way."

The appellant sought upon the argument to distinguish the case at bar by section 275 of the Code, regulating appeals from decisions of the court of claims. That section reads:

"Either party may appeal from an order or judgment of the court of claims to the appellate division of the supreme court of the Third department. * * * The provisions of this Code relating to appeals in the supreme court apply, so far as practicable, to appeals from orders or judgments of the court of claims, except as modified in this article."

We have no doubt that the provisions of this section of the Code give no greater right of appeal than is given from orders in the

supreme court, and that a ruling upon a trial dismissing or refusing to dismiss a complaint is not subject to separate appeal. The party must wait until the judgment is entered and appeal therefrom. If this ruling can be now reviewed, then, after the claimant's evidence is in, another motion can be made and denied, and an appeal taken from the order denying that motion. If that order is sustained, they may still go back and introduce the defendant's evidence, and then, upon a motion to dismiss the complaint, the order made thereon would be appealable. Such practice would be intolerable.

The appeal should be dismissed, with $10 costs and disbursements.