ISIDOR MICHAEL, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 25419.)

Court of Claims, December 11, 1948.

*George M. Simon* and *Charles B. Sullivan* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Henry S. Manley* of counsel), for defendant.

RYAN, J. This claim is an old acquaintance. Some time ago the Attorney-General moved for an order dismissing the claim upon the ground that this court was without jurisdiction to hear it because it was not duly filed. Upon the return of the motion, on May 16, 1946, the parties stipulated that the issue

as to jurisdiction should be tried separately before the trial of the claim upon the merits. Proofs were taken, fifteen exhibits were introduced in evidence by the claimant's attorney and two by the Attorney-General, and altogether the record of the proceedings comprised some fourteen pages of stenographic transcript. We denied the Attorney-General's motion to dismiss the claim and, the preliminary issue of jurisdiction being determined, we directed that trial of the other issues should proceed promptly. (187 Misc. 342.)

There were some other delays but, beginning on January 7, 1947, and continuing on many days thereafter, hearings were held, many witnesses were called, much documentary proof was received, and the case was finally submitted for decision upon written briefs and requests to find. In transcribing the record of these proceedings the court reporter designated the first page of his minutes of January 7, 1947, as page 15, numbering it in sequence after the first fourteen pages of May 16, 1946. The court rendered its decision under date of June 28, 1948, its opinion being reported at 192 Miscellaneous 464, modified 192 Miscellaneous 478.

In our decision we dismissed the claim upon the merits. An appeal has been taken to the Supreme Court, Appellate Division, Third Department, and the matter again comes before us upon a motion by the Attorney-General " for an order amending and settling the case on appeal herein in such respects as shall appear to be proper ". It develops that in submitting his proposed printed record on appeal to the Attorney-General with a request for a stipulation settling the case, claimant's attorney has omitted the first fourteen pages of the stenographic transcript, viz., the proceedings of May 16, 1946. It is the Attorney-General's contention that the record on appeal is not complete with this omission. It appears that the Attorney-General did not appeal from the order denying his motion to dismiss for lack of jurisdiction. His position is that such an order was merely a ruling of the court upon the trial of an action and as such could not be reviewed upon appeal until judgment was entered. (*Withers* v. *State of New York*, 61 App. Div. 251 [1901].) Claimant's attorney replies that although the proceedings on May 16, 1946, took the form of a trial, the substance of what occurred is controlling; that there was not the commencement of a trial but a hearing upon a formal motion to dismiss brought on by written notice and affidavit; that the order entered thereon was directly appealable and is

in no wise involved in claimant's appeal from the judgment of dismissal.

Scrutiny of the record of the said proceedings discloses that they closely followed the usual pattern of the opening of a trial in this court, beginning with the introduction of letters from the clerk of the court and from the Department of Law showing the filing of the claim and copies thereof, followed by the introduction in evidence of the original contract between claimant and the State, the various estimates and progress payments, including the final one, the correspondence between the claimant and the Department of Public Works leading to the cancellation of the contract, the contract between the State and the completion contractor and the estimates thereon, and various other documents, including the assignment from Miller Brothers to the claimant Isidor Michael. While these documents were introduced in evidence as material to the issue of jurisdiction, many of them were likewise material and important to the general issues raised during the course of the trial and it is doubtful if the record on appeal would be complete if all reference to them was excluded from it. Moreover, a review of the transcript of the colloquy between counsel and the court on May 16, 1946, confirms the court's recollection that the proceedings before it that day were the beginning of the trial of the case, counsel having reached an understanding and verbal stipulation that the question of jurisdiction was to be preliminarily decided.

Only the claimant appealed from the final judgment dismissing the claim upon the merits. The Attorney-General did not file a cross appeal from the finding of the court that the claim was duly filed. However, the rule is that a court without jurisdiction of the subject matter of an action cannot acquire it by erroneously deciding that it has jurisdiction. (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett*, 269 N. Y. 379 [1936].) The question may be raised at any time. (*Patrone* v. *M. P. Howlett, Inc.*, 237 N. Y. 394 [1924]; *McConnell* v. *Williams Steamship Co., Inc.*, 239 App. Div. 393 [1933].) It may be raised for the first time in the Court of Appeals. (*Shea* v. *Export Steamship Corp.*, 253 N. Y. 17 [1930].)

This court has only such jurisdiction as the Legislature has given it. A statute in derogation of sovereignty must be strictly construed. (*United States* v. *Sherwood*, 312 U. S. 584 [1941].) Yet the interpretation must not be so narrow as to defeat the statute's purpose. (*Canadian Aviator, Ltd.* v. *United*

*States,* 324 U. S. 215, 222 [1945].)   A substantial compliance with the statute is all that is required of a claimant to give the officers of the State prompt notice of his damages or injuries and the surrounding circumstances.   (*Chalmers & Son, Inc.,* v. *State of New York,* 271 App. Div. 699 [1947], affd. 297 N. Y. 690.) Thus whether it be labeled a claim or a notice of intention the " sufficiency " of the document filed is to be tested by the provisions and purpose of the statute and to that extent earlier decisions like *Buckles* v. *State of New York* (221 N. Y. 418 [1917]), have been said to be " outmoded ".   (*Chalmers & Son, Inc.,* v. *State of New York,* 271 App. Div. 699, 702, *supra.*) But notice which informs there must be and we know of no decision which abrogates the time limits prescribed by statute for its filing.

In this case we held that the accrual of the cause of action for breach of contract occurred within six months of the date on which claimant's assignor filed its claim with the clerk of the court.   If we were in error in this holding a judgment entered in behalf of claimant, had he succeeded in recovering an award, would have been void.   Subsequently we dismissed his claim upon the merits and he has appealed and the Attorney-General has not.   But, as we have seen from the authorities hereinabove cited, the Attorney-General may raise the question of jurisdiction when he defends the judgment of dismissal. The appellate court may decide that we were in error in our determination on the merits but also in error in finding that we had jurisdiction.

We are cognizant of the admirable advice given by Judge Hubbs in *Derby* v. *General Electric Co.* (208 App. Div. 529 [1924]) and upon this application desire to do our duty in respect to the desirable objective of attaining brevity in the printed case on appeal.   But the fourteen typewritten pages which the claimant proposes to omit and which the Attorney-General desires to include are, we believe, material to questions which may be argued on the appeal.   Hence they should be included in the record.   Settle order accordingly.