## (December 8, 1955)

■ MILTON I. SHUBERT et al., as Executors of LEE SHUBERT, Deceased, Respondents-Appellants, v. LAWRENCE S. LAWRENCE et al., as Executors of LEE SHUBERT, Deceased, et al., Appellants-Respondents.

*Per Curiam.* Plaintiffs are entitled to an accounting as a matter of right by virtue of the provisions of the Partnership Law of this State (§§ 72, 73). The value of the estate's interest in the partnership's assets and profits will thus be determined and a dollar figure assigned to such interest. The manner of payment of the estate's interest may be worked out by agreement between the parties or by the court after the value of the interest has been ascertained. A distribution in kind is not prohibited by the provisions of the Partnership Law, nor need there be a liquidation of the business of the partnership on such accounting (*M. & C. Creditors Corp.* v. *Pratt,* 172 Misc. 695, 706, 709, affd. 255 App. Div. 838, affd. 281 N. Y. 804).

Though plaintiffs be entitled to an accounting as a matter of right, they have also shown the necessity therefor in that Federal and State taxes are now due upon the estate of the deceased who died two years ago; that such taxes can neither be ascertained nor paid unless there is an accounting; that interest is likely to accrue on such unpaid taxes in a large sum and that there are many controversies existing between the estate of the deceased Lee Shubert, and Jacob Shubert, the surviving partner, which can only be resolved by means of an accounting.

The order appealed from should be reversed insofar as it denies the cross motion of plaintiffs for summary judgment, and judgment should be decreed in their favor directing a partnership accounting and appointing a referee to ascertain the value of the estate's interest in the partnership. Insofar as the order denies the motion of defendant Jacob J. Shubert for summary judgment, it should be affirmed. Settle order on three days' notice.

PECK, P. J. (dissenting). The testator anticipated the situation presented in this case and provided for it. The business was not to be disrupted or fall afoul of internal factional friction. The means of resolving controversy were supplied. The accounting now sought by plaintiffs does not appear necessary or useful. If defendants are not entitled to summary judgment, there are at least, in my opinion, triable issues of fact as to the need or desirability of an accounting, as to the purpose for which it is sought and the consequences which will ensue, all in the light of the testator's contemplation and directions.

The order appealed from should be affirmed.

Cohn, Botein, Rabin and Cox, JJ., concur in *Per Curiam* opinion; Peck, P. J., dissents and votes to affirm in opinion.

Order reversed insofar as it denies the cross motion of plaintiffs for summary judgment, and judgment is decreed in their favor directing a partnership accounting and appointing a referee to ascertain the value of the estate's interest in the partnership. Insofar as the order denies the motion of defendant Jacob J. Shubert for summary judgment, it is affirmed. Settle order on three days' notice. [See *post*, p. 774.]