■ SEYMOUR KRIEGSMAN, Appellant, v KRAUS, OSTREICHER

& Co. et al., Respondents.—Judgment (denominated an order) of the Supreme Court, New York County (Alvin F. Klein, J.), entered on December 2, 1985, which, *inter alia,* granted the petition and cross petition to the extent of declaring the subject partnership dissolved, ordered that respondent Saul Jones be appointed winding-up partner, directed that petitioner's share of the partnership income and property be held by the winding-up partner in an interest-bearing account pending resolution of the separate trial for damages, granted the petition and cross petition seeking an accounting, and severed that part of the cross petition seeking damages for the alleged misconduct of petitioner and set the matter down for an immediate trial upon conclusion of discovery, is modified on the law to the extent of striking that portion of the order appealed from which severed and set down for an immediate trial respondents' cross petition seeking damages for petitioner's alleged misconduct and striking the direction that petitioner's share of the partnership income and property be held by the winding-up partner pending resolution of the separate trial for damages, and the entire petition and cross petition is referred to Trial Term for further proceedings, and petitioner's share of the partnership income and property is to be held by the winding-up partner in an interest-bearing account pending resolution of the accounting action, and otherwise affirmed, without costs or disbursements.

It is well established that an action at law may not be maintained by one partner against another for any claim arising out of the partnership until there has been a full accounting except where the alleged wrong involves a partnership transaction which can be determined without an examination of the partnership accounts. *(St. James Plaza v Notey,* 95 AD2d 804.) In the instant situation, respondent contends that the financial disputes between him and petitioner were caused by the latter's fraud, conversion, embezzlement, breach of the partnership agreement and breach of fiduciary duty. According to respondent, petitioner removed partnership files, books and records, altered partnership checkbooks, records and books, misappropriated funds, misrepresented facts concerning partnership income, profits and expenditures and concealed partnership profits. Therefore, the bulk of the allegations contained in the cross petition which comprises the claim for damages necessarily require inspection of the books, records and accounts of the partnership, and the validity of the charges against petitioner must be resolved by means of an action for an accounting.

Special Term was not warranted in severing that part of the cross petition seeking damages for the alleged misconduct of petitioner and setting the matter down for an immediate trial. While that portion of the court's order providing that petitioner's share of the partnership income and property be held by the winding-up partner pending the resolution of an action at law is also improper, it is not inappropriate that respondent, pending determination of the accounting action, be directed to maintain the assets in an interest-bearing account. This is particularly the case in view of the allegations of misconduct which had been brought against petitioner. Concur—Kupferman, J. P., Carro, Asch and Milonas, JJ.