■ MYRA MEARS, Appellant, v CHRYSLER FINANCIAL CORP. et al., Respondents. [663 NYS2d 22] —Order of the Appellate Term of the Supreme Court, First Department (Ostrau, P. J., Miller and McCooe, JJ.), entered June 12, 1995, which reversed an order of the Civil Court, New York County (Judith Gische, J.), entered on or about August 1, 1994 denying defendants' motion for summary judgment, and which dismissed the complaint, unanimously reversed, on the law, without costs, and the complaint reinstated, without prejudice to the submission of another motion by defendants for summary judgment before Supreme Court.

Plaintiff alleges that she sustained personal injuries resulting from the negligent operation of a vehicle owned by defendant Chrysler Financial Corp. and operated by defendant Leonard Buzzerio. She commenced this action in Civil Court, New York County, by service of a summons with indorsed complaint seeking damages in the amount of $25,000. A motion by defendants to dismiss the complaint was denied, the court holding that a *report* and affirmation by plaintiff's treating physician raised a triable issue of fact with respect to whether plaintiff had sustained a "serious injury" within the meaning

of Insurance Law § 5102 (d). By notice of appeal dated October 28, 1994, defendants appealed to the Appellate Term which, in the order subject to review, dismissed the complaint, finding that the affidavit of plaintiff's treating physician was insufficient to establish a serious injury.

In the meantime, by order entered on or about November 28, 1994, Supreme Court (Paula Omansky, J.) granted a motion by plaintiff to transfer the case from Civil Court to Supreme Court, amending the complaint to increase the ad damnum clause to the amount of $5 million (see, Martin v Waldbaum's Supermarket, 172 AD2d 804). Appellate Term then issued its order, entered June 12, 1995, reversing the order of Civil Court and dismissing the complaint. This Court granted plaintiff's application for leave to appeal.

After the date scheduled for oral argument, it was disclosed to this Court that the matter had once again come before Supreme Court. By order entered April 26, 1996, Supreme Court (Paula Omansky, J.) dismissed the action based upon the ruling by Appellate Term, stating that any question of Appellate Term's jurisdiction must be directed to that court.

It is not disputed that defendants' notice of appeal from the order of Civil Court, which denied their motion to dismiss the complaint, was timely filed. Nor is there any question that, at the time the notice of appeal was filed, Appellate Term had jurisdiction to review the Civil Court order (Rules of Sup Ct, App Term, 1st Dept [22 NYCRR] § 640.1). At issue is the effect of the subsequent order of Supreme Court transferring the action to that court (NY Const, art VI, § 19 [a]; CPLR 325 [b]) on the pendency of the appeal and upon the order ultimately issued by Appellate Term.

Removal of an action is governed by CPLR 326 (b), which provides, in material part: "Subsequent proceedings shall be had in the court to which it has been ordered removed as if the action had been originally commenced there and no process, provisional remedy or other proceeding taken in the court from which the action was removed shall be invalid as the result of the removal." One consequence of removal is that the action becomes, for all intents and purposes, one commenced in Supreme Court, and the court from which the action is transferred, "loses all further jurisdiction to act once the order of transfer is entered" (Forest-Fehlhaber v State of New York, 74 AD2d 272, 275). However, the loss of jurisdiction by Civil Court does not operate to vitiate the appeal before Appellate Term because the other effect of CPLR 326 (b) is to preserve the validity of proceedings taken prior to removal (see, San-

*Dar Assocs. v Toro*, 213 AD2d 233 [Supreme Court retained jurisdiction to decide previously submitted summary judgment motion in case ultimately transferred back to Civil Court]). Therefore, the notice of appeal filed with Civil Court prior to entry of the order transferring the case to Supreme Court (CPLR 5515 [1]) remains viable.

The status of the order issued by Appellate Term disposing of the appeal is another matter, however. Appellate Term's dismissal of the action is clearly inconsistent with Supreme Court's order granting removal which, by implication, recognizes the merit of plaintiff's case, including satisfaction of the serious injury prerequisite of Insurance Law § 5102 (d). For reasons of comity, the removal order remains in effect until vacated, modified or stayed, either by the court that issued it or by a court of higher jurisdiction (*George W. Collins, Inc. v Olsker-McLain Indus.*, 22 AD2d 485, 488-489). The practical effect of Appellate Term's dismissal of the action is to vacate the removal order issued by Justice Omansky. However, unlike this Court, which possesses general appellate jurisdiction over courts of original instance (NY Const, art VI, § 4; CPLR 5501 [c]), Appellate Term has no power to review a Supreme Court ruling (NY Const, art VI, § 8 [d]) and, for the purpose of affecting the removal order, the Judges comprising the tribunal are Justices of the Supreme Court (*cf., People v Arez*, 64 Misc 2d 723, *affd* 28 NY2d 764, *appeal dismissed sub nom. Haynes v New York*, 404 US 804 [appeal from case originating in Criminal Court properly heard by Appellate Term despite certification hearing before Supreme Court Justice]). Issuance of the dismissal order by Appellate Term therefore violates the well-founded judicial policy barring conflicting rulings by courts of coordinate jurisdiction, as exemplified by the requirement that an application affecting a prior order or judgment be made to the Judge who signed it (CPLR 2221 [a]; *George W. Collins, Inc. v Olsker-McLain Indus., supra*, at 488; *see also, State of N. Y. Higher Educ. Servs. Corp. v Starr*, 158 AD2d 771). Therefore, the Appellate Term order filed June 12, 1995, disposing of the appeal, must be vacated.

There is no question that Supreme Court had the power to issue its final order entered April 26, 1996 dismissing the action. However, because that order is predicated on the ruling by Appellate Term, which has now been vacated, it is appropriate to reinstate the complaint and provide for an independent assessment of the threshold injury question by Supreme Court. Therefore, we grant leave to defendants to submit another motion for summary judgment. Concur—Ellerin, J. P., Wallach, Nardelli, Rubin and Mazzarelli, JJ.