■ W.H.P. 20, INC., Appellant, v OKTAGON CORPORATION et al., Respondents. [673 NYS2d 691] —Orders, Supreme Court, New York County (Harold Tompkins, J.), entered June 19, 1997, which, to the extent appealed from, removed the consolidated actions to the Civil Court, New York County, pursuant to CPLR 325 (d), unanimously reversed, on the law, without costs, the summary non-payment proceeding commenced in Civil Court by defendant Oktagon Corporation is stayed pending the determination of the consolidated actions in the Supreme Court, and the matter is remanded to the Supreme Court for further proceedings in accordance herewith.

Plaintiff W.H.P. 20, Inc. (WHP) is the current owner of the premises located at 71-73 Murray Street, in Manhattan, having acquired title pursuant to a mortgage foreclosure sale. The defendants are commercial tenants and subtenants in the building, who obtained their leaseholds before WHP acquired title. WHP refuses to recognize the validity of the defendants' leases and has rejected their attempts to pay rent. Since the mortgagee in the prior foreclosure action failed to name the tenants and subtenants as defendants in that action, WHP commenced an action pursuant to RPAPL 1352 to extinguish any rights or equities of redemption of the tenants (and subtenants) in the property. This action, known as a "strict foreclosure" action, was commenced in the Supreme Court, New York County.

Since WHP and the tenants were simultaneously demanding rent payments from the subtenants, some of the subtenants stopped paying rent altogether. On May 13, 1997, one of the tenants, defendant Oktagon Corporation (Oktagon), commenced summary non-payment proceedings in New York County Civil Court against its subtenants.

In the strict foreclosure action, WHP moved for an order establishing reasonable use and occupancy to be paid by the tenants and subtenants pending the outcome of that action, and to stay Oktagon's Civil Court non-payment proceedings pending a hearing in the Supreme Court scheduled for June 11, 1997. On June 10, 1997, the subtenants responded to Oktagon's Civil Court eviction proceedings by commencing their own Supreme Court action against WHP and Oktagon, seeking a declaratory judgment pursuant to CPLR 3001 regarding their rent obligations. On the same day, the subtenants presented an order to show cause to the Supreme Court seeking a stay of the eviction proceedings. The court declined to sign the order, but directed the subtenants to appear the next day at the Supreme Court hearing on WHP's motion for use and occupancy.

At the June 11 hearing, counsel for both WHP and the subtenants argued that the Civil Court proceedings should be stayed since the continuation of two actions in separate courts could result in conflicting rulings, and because all the relevant parties had appeared in the Supreme Court action but not the Civil Court action. The IAS Court rejected these arguments, consolidated the Supreme Court actions and transferred them to the Civil Court pursuant to CPLR 325 (d). The court was also unpersuaded by the arguments of WHP's counsel that the transfer was inappropriate since the Civil Court lacked jurisdiction over the strict foreclosure action.

The Civil Court of the City of New York is a court of limited jurisdiction, having no general equity jurisdiction except as specifically provided by law (*see,* CCA 201 *et seq.*; *Kwoczka v Dry Dock Sav. Bank*, 52 Misc 2d 67, 70). As WHP's strict foreclosure action seeking to "fix the right of any person having a right of redemption therein" (RPAPL 1352) is plainly equitable in nature, the Civil Court must be given express authority to entertain such an action.

While CCA 203 gives the Civil Court jurisdiction over various types of actions seeking equitable relief as to real property, such as an action to foreclose a mortgage or lien (CCA 203 [b], [c]), a strict foreclosure proceeding is not among the enumerated actions. Moreover, even were a strict foreclosure action deemed analogous to an action to foreclose a mortgage or lien, the statute affords the Civil Court jurisdiction only where the debt upon which the action is brought "does not exceed $25,000." (*Ibid.*) Here, since the judgment of foreclosure was for approximately $7.17 million, WHP's action sought to foreclose the rights of redemption in property involving a mortgage debt far in excess of the Civil Court's jurisdictional limit (*see,* CCA 202, 203).

Concluding, as we have, that the Civil Court does not have jurisdiction over the strict foreclosure action, it was error for the IAS Court to transfer said action to the Civil Court (*see, Doo Soon Chung v Doo Nam Kim*, 170 AD2d 232, 233). The declaratory judgment action should also have remained in Supreme Court, as the Civil Court has no jurisdiction to grant such relief and the action was interrelated with the strict foreclosure proceeding. This is not a case where the commencement of a Supreme Court action may be construed as an attempt to avoid Civil Court jurisdiction over landlord-tenant disputes (*cf., Cox v J.D. Realty Assocs.*, 217 AD2d 179, 180).

Accordingly, we grant WHP's motion to stay the Civil Court summary proceedings pending the determination of the

Supreme Court actions. WHP is entitled to the payment of use and occupancy by Oktagon pending said determination, with the amount to be set by the Supreme Court. Concur—Wallach, J. P., Rubin, Williams, Mazzarelli and Saxe, JJ.