OPINION OF THE COURT
Per Curiam.
Orders entered October 9, 1998 and April 26, 1999 reversed, without costs, and the determination on the merits is vacated.
Plaintiff commenced this declaratory judgment action in Supreme Court, New York County, seeking a declaration that defendant had unlawfully sublet a portion of his loft unit in excess of the legal regulated rent, and that this violation was not curable. In retaining jurisdiction over the action, Supreme Court (Saxe, J.) found that “complex and novel issues of law are present and, thus, a declaratory judgment action is proper.” Subsequently, another Judge transferred the action to the Housing Part of Civil Court pursuant to CPLR 325 (d). The action proceeded in that court, ultimately resulting in an order granting defendant’s motion for summary judgment on the ground that any additional occupants were roommates, not subtenants.
This matter has been treated throughout — including in the motion papers below — by both parties as a declaratory judgment action.[1] It is not a possessory proceeding; no notice of petition and petition were ever served. Declaratory relief is not available in the Civil Court (Decana, Inc. v Ross Intl., 227 AD2d 208; Green v Glenbriar Co., 131 AD2d 363; CPLR 3001; cf., CCA 212-a). Upon a CPLR 325 (d) transfer, Civil Court will not automatically acquire subject matter jurisdiction simply because the Supreme Court had jurisdiction when the action was commenced there (Spinnell v Doris L. Sassower, P. C., 155 Misc 2d 147, 150).[2] Nor may jurisdiction of the subject matter be conferred on the court by consent of the parties. “[T]he court may, on its own motion whenever its attention is called to the facts, refuse to proceed further, and dismiss the action” (Siegel, NY Prac § 8, at 10 [3d ed]). Since Civil Court lacked jurisdic *955 tion to adjudicate plaintiffs claims on a complaint for declaratory judgment, we are constrained to vacate the merits determination. Our disposition is without prejudice to an application in Supreme Court for retransfer of the action or, alternatively, a special proceeding commenced in Civil Court pursuant to RPAPL article 7.
Parness, P. J., McCooe and Davis, JJ., concur.

. At various times, defendant took the position in Civil Court that the action should be dismissed because the court lacked subject matter jurisdiction.

. CPLR 325 (d) provides that “a court in which an action is pending may, in its discretion, remove such action without consent to such lower court where it appears that the amount of damages sustained may be less than demanded, and the lower court would have had jurisdiction but for the amount of damages demanded” (emphasis added).