■ LEX 33 ASSOCIATES, L.P., Appellant, v APRIL GRASSO et al., Respondents. [724 NYS2d 413] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered July 6, 2000, which, on motion and cross motion for summary judgment, *inter alia, sua sponte* transferred this matter to the Housing Part of Civil Court for adjudication, unanimously reversed, on the law, without costs, the order of transfer vacated, plaintiff's cross motion granted to the extent of dismissing defendants' first affirmative defense, and the matter remanded to Supreme Court for further proceedings.

This action is for a declaration, *inter alia,* nullifying a nine-year old rent-stabilized "sweetheart" lease initially granted to tenant Grasso in 1990 by plaintiff landlord's predecessor (who happened to be Grasso's father). Rather than renewing the lease upon demand, plaintiff sought defendants' immediate eviction and damages for recent use and occupancy and the difference between rent actually paid and the fair market rental value of the apartment throughout the life of the lease.

The IAS court, which has jurisdiction to grant declaratory relief (CPLR 3001), erroneously transferred this case to the

New York City Civil Court, which lacks such authority (*Green v Glenbriar Co.*, 131 AD2d 363) except in limited circumstances not applicable herein (*see, e.g.*, CCA 212-a). The act of transfer from Supreme Court to Civil Court does not automatically confer the former's subject matter jurisdiction upon the latter (*BLF Realty Holding Corp. v Kasher*, 183 Misc 2d 953 [App Term]). While the Civil Court is generally preferred for landlord-tenant disputes, it is nonetheless inappropriate for Supreme Court to transfer a case to that forum where, as in this instance, its limited jurisdiction renders it incapable of affording the primary relief sought in the complaint (*North Waterside Redevelopment Co. v Febbraro*, 256 AD2d 261, 262, *lv dismissed* 93 NY2d 888).

Plaintiff had the right to chart its own procedural course, a choice of strategy and forum that was not prompted by the pendency of any other proceeding in Civil Court (*Shadick v 430 Realty Co.*, 250 AD2d 417; *cf., Cox v J.D. Realty Assocs.*, 217 AD2d 179). Accordingly, defendants' first affirmative defense, seeking, in effect, to frustrate plaintiff's pursuit of equitable relief, should have been dismissed on plaintiff's cross motion. Concur—Rosenberger, J. P., Williams, Andrias, Wallach and Saxe, JJ.