■ EMIL C. ZUCKERMANN, M.D., et al., Appellants, v ABRAHAM SPECTOR, Respondent. [731 NYS2d 715] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 12, 2000, which denied plaintiffs' motion to re-transfer this action from Civil Court to Supreme Court pursuant to CPLR 325 (b), and for partial summary judgment declaring that plaintiffs are not indebted to defendant for further legal fees and enjoining defendant from asserting charging liens, unanimously modified, on the law, to re-transfer the action to Supreme Court, and otherwise affirmed, without costs.

The declaratory relief sought by plaintiffs—that defendant was discharged for cause and therefore is not entitled to any compensation for legal services rendered—is not within Civil Court's subject matter jurisdiction. Accordingly, the action should not have been transferred to that court pursuant to

CPLR 325 (d), and should be re-transferred to Supreme Court pursuant to CPLR 325 (b) (*see, Decana, Inc. v Ross Intl.*, 227 AD2d 208). Since subject matter jurisdiction cannot be conferred on Civil Court by an improper transfer or consent of the parties, plaintiffs' failure to appeal the CPLR 325 (d) order, and 4½-year delay in seeking a re-transfer to Supreme Court, does not require retention of the action in Civil Court (*cf., BLF Realty Holding Corp. v Kasher*, 183 Misc 2d 953 [App Term 1st Dept]). With respect to plaintiffs' motion for partial summary judgment, we note the absence of disclosure, and, on the present record, find issues of fact precluding a finding that plaintiffs' discharge of defendant was for cause.

We have considered and rejected plaintiffs' argument that defendant's failure to assert his charging liens as a counterclaim in the instant action constituted a waiver thereof, and issues of fact otherwise preclude finding such a waiver. Concur—Williams, J. P., Andrias, Wallach, Lerner and Marlow, JJ.