OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and determination on the merits vacated.
In this action for partition and an accounting, plaintiff claimed $14,000 in “damages” resulting from defendant’s alleged mismanagement of partnership property and funds. After the subject real property was sold, the Supreme Court, Dutchess County, apparently under the impression that the equitable matters involved had been resolved, transferred the case to the City Court of Poughkeepsie pursuant to CPLR 325 (d).
This action lies at equity, not law, and the City Court did not have jurisdiction to entertain it (see UCCA art 2; see generally Doo Soon Chung v Do Nam Kim, 170 AD2d 232 [1991]). Neither the broadest possible reading of the complaint nor the parties’ own litigation course can transform this matter into an action for money damages over which the lower courts would have jurisdiction. As asserted by plaintiff, this action involves the affairs of a partnership, and with limited exceptions that do not apply here, no action may be maintained by one partner against *3 another for any claim arising out of a partnership until there has been a full accounting (1056 Sherman Ave. Assoc. v Guyco Constr. Corp., 261 AD2d 519 [1999]; Kriegsman v Kraus, Ostreicher & Co., 126 AD2d 489 [1987]). An action for an accounting sounds in equity (Doo Soon Chung, 170 AD2d 232 [1991]).
An accounting is required in this case, as “the bulk of the allegations contained in the [complaint] which comprises the claim for damages necessarily require inspection of the books, records and accounts of the partnership, and the validity of the charges against [defendant] must be resolved by means of an action for accounting” (Kriegsman, 126 AD2d at 490). Plaintiff has made multiple allegations involving misuse of partnership funds and improper conducting of partnership affairs over a period of years. On appeal, plaintiffs arguments revolve around application of the Partnership Law. Nor is this a case involving a discrete transaction that could be resolved without an accounting (cf. McLaughlin & Stern v Lipkin, 288 AD2d 65 [2001] [alleged diversion of a discrete fee]).
A lower court does not obtain subject matter jurisdiction over an action transferred to it simply because the transferring court had such jurisdiction (see e.g. Lex 33 Assoc. v Grasso, 283 AD2d 272 [2001]; BLF Realty Holding Corp. v Kasher, 183 Misc 2d 953 [App Term, 1st Dept 2000]). The Supreme Court cannot confer subject matter jurisdiction upon a lower court by means of an improper CPLR 325 (d) transfer (see e.g. Zuckermann v Spector, 287 AD2d 402 [2001]).
We are aware that it has been argued that the order “transferring down” an action pursuant to CPLR 325 (d) should be considered “law of the case,” decided by the transferring court, that the receiving court has subject matter jurisdiction of the action, and that the remedy for improper transfer ought to be an appeal to the Appellate Division from the CPLR 325 (d) order, as “review by the appellate term, which consists of supreme court justices appointed by the appellate division, can be considered an attempt to review a colleague’s decision, which the appellate division has told us it frowns on” (98 Siegel’s Practice Review, CPLR 325 (D) Transfers, at 3 [Aug. 2000], citing Mears v Chrysler Fin. Corp., 243 AD2d 270 [1997]).
This argument is unpersuasive, especially as the Supreme Court is a court of general jurisdiction and the City Court is not (see NY Const, art VI, § 17 [a]). The courts’ subject matter jurisdiction stems from article VI of the New York Constitution, and no court may exercise powers beyond those granted to it by *4 the New York Constitution and legislation authorized by it (see e.g. Morrison v Budget Rent A Car Sys., 230 AD2d 253, 256 [1997]). Subject matter jurisdiction cannot be created by the courts themselves, whether erroneously, accidentally or intentionally (see Michael v State of New York, 193 Misc 834 [Ct Cl 1948]; 29 NY Jur 2d, Courts and Judges § 551). “Jurisdiction of the subject matter cannot be conferred on the court by any consent or stipulation of the parties,” nor can a court’s lack of subject matter jurisdiction be cured “by waiver, consent, estoppel, laches or anything else” (Siegel, NY Prac § 8, at 10 [3d ed]).
Whether the improper CPLR 325 (d) order is regarded as void or merely voidable, any concern that the Appellate Term’s Supreme Court Justices are sitting in review over a fellow Supreme Court Justice’s order is unfounded; if the order is regarded as void, it is properly subject to attack (see Matter of Nervo v Mealey, 175 Misc 952 [Sup Ct, NY County 1940] [“this court can permit a collateral attack upon a judgment of another court even of plenary jurisdiction when it appears that that court had not the right or power to do the act complained of’]; see also Hovey v Elliott, 145 NY 126 [1895], affd 167 US 409 [1897]), and if voidable, the actual effect of this court’s order in this appeal is to merely confirm the City Court’s indubitable lack of subject matter jurisdiction, not to reverse the Supreme Court’s CPLR 325 (d) transfer order itself. That remedy must be sought through a motion pursuant to CPLR 325 (b), by a party, in Supreme Court.
While the present case illustrates the potential unfairness to litigants and lack of judicial economy that misapplication of CPLR 325 (d) can generate, the ultimate remedy for these problems lies with the Legislature, which alone can confer upon the lower courts the equitable subject matter jurisdiction necessary to resolve the present matter (see NY Const, art VI, §§ 15-17).
We note that the disposition herein is without prejudice to an application in Supreme Court for retransfer of the action to that court (see generally Zuckermann, 287 AD2d 402 [2001]).
McCabe, PJ., Rudolph and Angiolillo, JJ., concur.