OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
Plaintiff is the executrix of the estate of Henry Priel, her husband, and brought this action in the Supreme Court, Kings County, in 1989, seeking an accounting and the recovery of $151,093.73, which allegedly represented the amount of Mr. Priel’s investment in a partnership which he had entered into with defendants. In 1998, the action was transferred to the Civil Court, Kings County, pursuant to CPLR 325 (d), and after an inquest in 2001 (L. Jacobson, J.), judgment was entered in the amount of $324,539.67, representing plaintiffs damages, interest from Mr. Priel’s date of death, plus costs and disbursements. Said inquest and default judgment were ultimately vacated in a sua sponte order of the court (K. Rothenberg, J.), on the ground that the Civil Court lacked the requisite subject matter jurisdiction over the action which, essentially, sought an accounting of partnership assets. Plaintiffs motion to “renew” (in effect, a motion to vacate) the order of vacatur alleged that at the time of the inquest, the equitable cause of action for an accounting was “moot” and that the claim considered at the inquest was actually a legal cause of action for recovery of the investments Mr. Priel had made in partnership property, which claim was within the jurisdiction of the Civil Court. That motion was denied as without merit, the court below maintaining its position that the relief sought was equitable in nature and thus beyond the scope of the court’s jurisdiction (K. Rothenberg, J.). The court reasoned that since there was no written partnership agreement, there were no express terms upon which the court could rely to determine how the partnership assets were to be disposed of upon dissolution, and the only method of determining that was by means of an accounting. We agree that an accounting is required in this case, as “the bulk of the allegations *66 contained in the [complaint] which comprises the claim for damages necessarily require inspection of the books, records and accounts of the partnership, and the validity of the charges against [defendants] must be resolved by means of an action for accounting” (Kriegsman v Kraus, Ostreicher & Co., 126 AD2d 489, 490 [1987]).
The New York City Civil Court has limited equitable jurisdiction (see CCA 202), and within those limitations it lacks jurisdiction over partnership accountings (see Rosenthal v Garber, 202 NYS 703 [App Term, 1st Dept 1924]). Contrary to plaintiffs representations, during the entire course of the litigation, including the inquest, plaintiff sought an accounting. It was only upon the court’s vacatur of the default judgment that plaintiff claimed to have abandoned her cause of action for an accounting. To the extent that plaintiff seeks to recover her husband’s partnership investments, the value of his interest may be determined only by an accounting (see Partnership Law § 73; see also Shubert v Lawrence, 1 AD2d 654 [1955]). Furthermore, plaintiffs contention that her cause of action was actually in the nature of rescission was raised for the first time on appeal and, in any event, is without merit as the complaint clearly never sought rescission of the partnership agreement.
As the court below properly held, the Civil Court’s vacatur of the default judgment does not leave plaintiff without a remedy. CPLR 325 (b) provides, in pertinent part, that “[w]here it appears that the court in which an action is pending does not have jurisdiction to grant the relief to which the parties are entitled, a court having such jurisdiction may remove the action to itself upon motion.” The act of transferring from Supreme Court to Civil Court did not automatically confer the former’s subject matter jurisdiction upon the latter (see Lex 33 Assoc. v Grasso, 283 AD2d 272 [2001]; BLF Realty Holding Corp. v Kasher, 183 Misc 2d 953 [App Term, 1st Dept 2000]). Accordingly, plaintiff may make a motion in the Supreme Court for retransfer inasmuch as the Civil Court, from the outset, did not have jurisdiction over the action (see Feierstein v Moser, 306 AD2d 27 [2003]).
We are aware that it. has been argued that the order “transferring down” an action pursuant to CPLR 325 (d) should be considered “law of the case,” decided by the transferring court, that the receiving court has subject matter jurisdiction of the action, and that the remedy for improper transfer ought to be an appeal to the Appellate Division from the CPLR 325 (d) *67 order, as “review by the appellate term, which consists of supreme court justices appointed by the appellate division, can be considered an attempt to review a colleague’s decision, which the appellate division has told us it frowns on” (98 Siegel’s Practice Review 3 [Aug. 2000], citing Mears v Chrysler Fin. Corp., 243 AD2d 270 [1997]).
This argument is unpersuasive, particularly since the Supreme Court is a court of general jurisdiction and the Civil Court of the City of New York is not (see NY Const, art VI, § 15 [b]). The courts’ subject matter jurisdiction stems from article VI of the New York Constitution, and no court may exercise powers beyond those granted to it by the New York Constitution and legislation authorized by it (see e.g. Morrison v Budget Rent A Car Sys., 230 AD2d 253, 256 [1997]). Subject matter jurisdiction cannot be created by the courts themselves, whether erroneously, accidentally or intentionally (see Michael v State of New York, 193 Misc 834 [Ct Cl 1948]; 29 NY Jur 2d, Courts and Judges § 551). “Jurisdiction of the subject matter cannot be conferred on the court by any consent or stipulation of the parties,” nor can a court’s lack of subject matter jurisdiction be cured “by waiver, consent, estoppel, laches or anything else” (Siegel, NY Prac § 8, at 10 [3d ed]).
Whether the improper CPLR 325 (d) order is regarded as void or merely voidable, any concern that the Appellate Term’s Supreme Court Justices are sitting in review over a fellow Supreme Court Justice’s order is unfounded; if the order is regarded as void, it is properly subject to attack (see Matter of Nervo v Mealey, 175 Misc 952, 954 [Sup Ct, NY County 1940] [“this court can permit a collateral attack upon a judgment of another court even of plenary jurisdiction when it appears that that court had not the right or power to do the act complained of’]; see also Hovey v Elliott, 145 NY 126 [1895], affd 167 US 409 [1897]), and if voidable, the actual effect of this court’s order in this appeal is to merely confirm the Civil Court’s indubitable lack of subject matter jurisdiction, not to reverse the Supreme Court’s CPLR 325 (d) transfer order itself. As stated above, that remedy must be sought through a motion pursuant to CPLR 325 (b), by a party, in Supreme Court.
We note that this decision is consistent with the decision of the Appellate Term, 9th and 10th Judicial Districts, in Briscoe v White (— Misc 3d —, 2004 NY Slip Op 24560 [Apr. 14, 2004]).
Pesce, PJ., Patterson and Rios, JJ., concur.