■ JOY SARAH PRIEL, Appellant, v DOMINICK LINARELLO et al., Respondents. [843 NYS2d 436]—

In an action, inter alia, for an accounting, initially commenced in the Supreme Court, Kings County, and removed to the Civil Court, Kings County, pursuant to CPLR 325 (d), the plaintiff appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated March 1, 2005, which affirmed an order of the Civil Court of the City of New York, Kings County (Rothenberg, J.), dated May 14, 2003, denying her motion, in effect, to vacate a prior order of the same court, dated February 5, 2003, which, upon the court's own motion, vacated a default judgment of the same court dated April 18, 2001, for lack of subject matter jurisdiction and directed the plaintiff to move, in the Supreme Court, Kings County, pursuant to CPLR 325 (b) to transfer the matter back to that court.

Ordered that the order dated March 1, 2005 is affirmed, without costs or disbursements, and the matter is removed to the Supreme Court, Kings County, pursuant to CPLR 325 (b).

As the estate representative of her late husband, who was a partner, among others, with the defendant Dominick Linarello in various partnerships for the development and sale of certain real property in Brooklyn and Queens, the plaintiff was entitled to demand an account from the decedent's surviving partners and to receive the decedent's interest in the partnership (*see* Partnership Law §§ 52, 62 [4]; § 73). As the Appellate Term correctly determined, the relief sought in the complaint could not be granted without a full accounting of the decedent's interest in the subject partnership (*see* Partnership Law §§ 52, 73; *cf. Wiesenthal v Wiesenthal*, 40 AD3d 1078, 1080 [2007]; *1056 Sherman Ave. Assoc. v Guyco Constr. Corp.*, 261 AD2d 519, 520 [1999]). Thus, the relief sought was beyond the subject matter jurisdiction of the Civil Court (*see* New York City Civil Court Act § 201 *et seq.*; *cf. W.H.P. 20 v Oktagon Corp.*, 251 AD2d 58, 59 [1998]) and the matter therefore should not have been removed from the Supreme Court pursuant to CPLR 325 (d) (*see Zuckermann v Spector*, 287 AD2d 402, 402-403 [2001]; *Lex 33 Assoc. v Grasso*, 283 AD2d 272 [2001]; *Doo Soon Chung v Doo Nam Kim*, 170 AD2d 232 [1991]).

In light of the unusual procedural history of this case, and in the interest of judicial economy, we remove the matter back to the Supreme Court, Kings County, pursuant to CPLR 325 (b) (*cf. Moran v Regency Sav. Bank, F.S.B.*, 30 AD3d 237, 238 [2006]). Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.