OPINION OF THE COURT
Memorandum.
Order reversed without costs and motion by third-party defendant Mount Vernon Fire Insurance Co. dismissed.
Defendants and third-party plaintiffs Ernst Buck and Josephine Buck owned premises at 2372 Arthur Kill Road, Staten Island, New York (the premises), and procured a “Commercial General Liability” insurance policy for the premises (the policy) from third-party defendant Mount Vernon Fire Insurance Co.
On November 22, 2002 movers were hired to remove equipment from the premises. During the move, plaintiff, who was employed by the movers, fell and suffered a fractured ankle. Approximately 10 months later, plaintiff commenced this action in Supreme Court, Richmond County; the complaint alleged that he was damaged in the sum of $5,000,000. The Bucks, who had previously failed to report the accident to their insurer, provided Mount Vernon with a copy of the summons and complaint upon their receipt of same. Following an investigation, Mount Vernon disclaimed coverage, contending that the Bucks’ failure to provide timely notice of the accident had vitiated their right to insurance coverage. The Bucks then commenced a third-party action against Mount Vernon, among others, seeking, as against Mount Vernon, a declaratory judgment that Mount Vernon was obligated to defend and indemnify them pursuant to the contract of insurance. Mount Vernon counterclaimed for a declaratory judgment that it had no duty to defend or indemnify. The Supreme Court subsequently transferred the action to the Civil Court, Richmond County, pursuant to CPLR 325 (d).
In Civil Court, Mount Vernon moved pursuant to CPLR 3212 for summary judgment dismissing the third-party complaint *29 against it, and for a declaratory judgment that the Bucks’ late notice of the occurrence vitiated Mount Vernon’s contractual duty to defend or indemnify them. The Bucks opposed Mount Vernon’s motion, which motion the Civil Court granted.
We reverse the Civil Court’s order and dismiss the motion by Mount Vernon upon a finding that the Civil Court lacked jurisdiction to consider either the Bucks’ third-party complaint as against Mount Vernon seeking a declaratory judgment that Mount Vernon was obligated to defend and indemnify them, or Mount Vernon’s counterclaim for a declaratory judgment. The parameters of the Civil Court’s jurisdiction are strictly prescribed by statute. CPLR 325 (d) provides that actions may be removed to the Civil Court without consent where the Civil Court would have had jurisdiction but for the amount of “damages demanded.” The third-party action, insofar as relevant to this appeal, sought no damages but, rather, a declaratory judgment and, thus, the Civil Court’s jurisdiction was governed by CCA 212-a, which states:
“The court shall have the jurisdiction defined in section 3001 of the CPLR to make a declaratory judgment -with respect to any controversy involving the obligation of an insurer to indemnify or defend a defendant in an action in which the amount sought to be recovered does not exceed $25,000.”
A clear reading of CCA 212-a establishes that the Civil Court lacked subject matter jurisdiction, as the third-party complaint against Mount Vernon requested a declaratory judgment involving an obligation of an insurer in which the underlying amount sought to be recovered exceeded $25,000. This court’s authority is merely to rule on the validity of the Civil Court’s order, not to reverse the Supreme Court’s CPLR 325 (d) transfer order itself (see Briscoe v White, 8 Misc 3d 1 [App Term, 9th & 10th Jud Dists 2004]; but see Kaminsky v Connolly, 73 Misc 2d 789 [App Term, 1st Dept 1972]). Accordingly, the order of the Civil Court is reversed and Mount Vernon’s motion is dismissed.
Pesce, PJ., Golia and Rios, JJ., concur.