OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed without costs and defendants’ motion for summary judgment is dismissed.
Plaintiffs are four residents of the Lakeside Manor Home for Adults (Lakeside Manor), a private proprietary adult-care facility. In their complaint, plaintiffs alleged that, based on the number of residents at Lakeside Manor, and pursuant to implementing regulations of Social Services Law § 461-d set forth in 18 NYCRR 487.11 (1) (15), Lakeside Manor had an insufficient number of public telephones at its facility, that plaintiffs had been wrongfully charged to dial toll-free telephone numbers from the public telephones, that access on the public telephones had been blocked to certain telephone numbers, and that, as a result of the insufficient number of telephones, plaintiffs had been hampered in their ability to communicate privately with friends, family members, attorneys, financial institutions, and various service and alternative housing providers. Plaintiffs alleged causes of action for breach of their contracts of admission to Lakeside Manor, breach of the warranty of habitability, violation of the antidiscrimination provisions of the federal Fair Housing Act (42 USC § 3604 [f] [2]), and violation of the Social Services Law. The complaint sought declaratory and injunctive relief as well as monetary damages in connection with each cause of action. The action was commenced in Supreme Court, Richmond County. After granting preliminary injunctive relief, the Supreme Court transferred the action to the Civil Court, Richmond County, pursuant to CPLR 325 (d).
In the Civil Court, following the completion of pretrial disclosure, defendants moved for summary judgment dismissing the case, and plaintiffs cross-moved for summary judgment on all their causes of action. The Civil Court denied both the mo *18 tion and the cross motion, and defendants appeal from so much of the order as denied their motion for summary judgment. We reverse the Civil Court’s order, insofar as appealed from, and dismiss the motion, upon a finding that the Civil Court lacked subject matter jurisdiction over this action.
CPLR 325 (d) authorizes the removal of cases from Supreme Court to the Civil Court, provided that the Civil Court would have had jurisdiction but for the amount of damages demanded. “The Civil Court is a court of limited jurisdiction, possessing only that subject matter jurisdiction provided by law (see NY Const, art VI, § 15)” (Washington v Culotta, 13 Misc 3d 18, 21 [App Term, 2d & 11th Jud Dists 2006]; accord Fuca v City of New York, 15 Misc 3d 86, 87 [App Term, 2d & 11th Jud Dists 2007]; O’Neil v City of New York, 10 Misc 3d 30 [App Term, 2d & 11th Jud Dists 2005]). An order “transferring down” an action from Supreme Court to Civil Court pursuant to CPLR 325 (d) does not confer subject matter jurisdiction on the Civil Court (Priel v Linarello, 7 Misc 3d 64, 66 [App Term, 2d & 11th Jud Dists 2005], affd 44 AD3d 835 [2007]) other than permitting a monetary award greater than that limited by the New York City Civil Court Act (see CCA art 2).
“ ‘Except for proceedings for the enforcement of housing standards (CCA 110 [a] [4]; 203 [o]) and applications for certain provisional remedies (CCA 209 [b]), the New York City Civil Court may not grant injunctive relief ” (Topaz Realty Corp. v Morales, 9 Misc 3d 27, 28 [App Term, 2d & 11th Jud Dists 2005], quoting Broome Realty Assoc. v Sek Wing Eng, 182 Misc 2d 917, 918 [App Term, 1st Dept 1999]; see also 19 W. 45th St. Realty Co. v Doram Elec. Corp., 233 AD2d 184 [1996]; Bank of N.Y. v Irwin Intl. Imports, 197 AD2d 462 [1993]). Since the alleged deprivation does not violate the Housing Maintenance Code (Administrative Code of City of NY, tit 27, ch 2) or otherwise implicate housing standards, the Civil Court was not authorized to grant the injunctive relief sought.
Here, although the complaint sought monetary damages, it primarily sought declaratory and injunctive relief, which the Civil Court lacks subject matter jurisdiction to grant. This court’s authority is merely to rule on the validity of the Civil Court’s order, not to reverse the Supreme Court’s CPLR 325 (d) transfer order (see Priel v Linarello, 7 Misc 3d 64 [2005]; Rivera v Buck, 25 Misc 3d 27 [App Term, 2d, 11th & 13th Jud Dists 2009]; Briscoe v White, 8 Misc 3d 1 [App Term, 9th & 10th Jud Dists 2004]; but see Kaminsky v Connolly, 73 Miscc 2d 789 [App *19 Term, 1st Dept 1972]). Accordingly, the order of the Civil Court, insofar as appealed from, is reversed and defendants’ motion for summary judgment is dismissed.
We note that the disposition herein is without prejudice to an application in Supreme Court for re-transfer of the action to that court (see generally Zuckermann v Spector, 287 AD2d 402 [2001]).
Rios, J.E, Pesce and Golia, JJ., concur.