Parker v Parker (2021 NY Slip Op 50489(U))

[*1]

Parker v Parker

2021 NY Slip Op 50489(U) [71 Misc 3d 140(A)]

Decided on May 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-1721 K C

Cheryl Parker, Appellant,
against
Renee D. Parker, Respondent. 

Harold, Salant, Strassfield & Spielberg (Leonard I. Spielberg of counsel), for appellant.
Leonard W. Stewart, for respondent.

Appeal from an amended final judgment of the Civil Court of the City of New York, Kings
County (Sandra E. Roper, J.), entered May 30, 2019. The amended final judgment, after a
nonjury trial, dismissed the complaint in an action for partition and, upon defendant's
counterclaim, "impose[d] a constructive trust" on the subject real property and directed that the
"current" deed be stricken and a "new" one "perfect[ed]" in the name of defendant, Renee D.
Parker, "solely and exclusively."

ORDERED that the amended final judgment is reversed, without costs, the counterclaim is
dismissed, and the matter is remitted to the Civil Court for the entry of an interlocutory judgment
in accordance with this decision and order.
Plaintiff commenced this action in Supreme Court, Kings County, in October 2014 against
her sister for partition of a multi-family building in Brooklyn, for which the deed listed them as
joint tenants. Defendant's answer asserted as an affirmative defense that, based on the doctrine of
constructive trust, plaintiff has no interest in the subject property and interposed a counterclaim
for the imposition of a constructive trust upon the subject property. In January 2019, the action
was transferred to the Civil Court, Kings County, pursuant to CPLR 325 (d). After a nonjury
trial, at which it was uncontested that the deed for the subject building was in the names of both
parties as joint tenants and that the mortgage was co-signed by plaintiff and defendant, the Civil
Court found that defendant is, in effect, the sole owner of the subject property, granted
defendant's counterclaim to "impose[] a constructive trust" on behalf of defendant, directed that
the "current" deed be stricken and a "new" one "perfect[ed]" in the name of defendant, Renee D.
Parker, "solely and exclusively," and dismissed the complaint.
The Civil Court is a court of limited jurisdiction, possessing only that subject matter
jurisdiction as is provided by law (see NY Const, art VI, § 15; Green v Lakeside Manor Home [*2]for Adults, Inc., 30 Misc 3d 16 [App Term, 2d Dept, 2d,
11th and 13th Jud Dists 2010]). An order "transferring down" an action from Supreme Court to
Civil Court pursuant to CPLR 325 (d) does not confer subject matter jurisdiction on the Civil
Court (see Priel v Linarello, 7 Misc
3d 64, 66 [App Term, 2d Dept, 2d & 11th Jud Dists 2005], affd 44 AD3d 835
[2007]) other than permitting a monetary award greater than the limit set by the New York City
Civil Court Act (see CCA 202; Green v Lakeside Manor Home for Adults, Inc.,
30 Misc 3d at 18). This court's authority is merely to rule on the validity of the Civil Court's
amended final judgment, not to reverse the Supreme Court's CPLR 325 (d) transfer order in the
event the Civil Court lacks subject matter jurisdiction to grant the relief sought (see Green v
Lakeside Manor Home for Adults, Inc., 30 Misc 3d at 18; Rivera v Buck, 25 Misc 3d 27
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Briscoe v White, 8 Misc 3d 1 [App Term, 2d Dept, 9th & 10th
Jud Dists 2004]; Priel v Linarello, 7
Misc 3d 64; but see Kaminsky v Connolly, 73 Misc 2d 789 [App Term, 1st Dept
1972]).
Here, plaintiff seeks a partition of the subject property. Pursuant to CCA 203 (a), the Civil
Court has jurisdiction over "[a]n action for the partition of real property where the assessed
valuation of the property at the time the action is commenced does not exceed $25,000." As it is
uncontested that the assessed valuation of the property was less than $25,000 when the action
was commenced in Supreme Court, contrary to plaintiff's argument, the Civil Court had
jurisdiction to hear the action.
A partition action is governed by Article 9 of the Real Property Actions and Proceedings
Law. "A person holding and in possession of real property as joint tenant or tenant in common ...
may maintain an action for the partition of the property, and for a sale if it appears that a partition
cannot be made without great prejudice to the owners" (RPAPL 901 [1]). Since it is undisputed
that the parties are on the deed as joint tenants of the subject property, plaintiff has demonstrated,
prima facie, that she is entitled to partition. 
Defendant's counterclaim seeks the imposition of a constructive trust. A counterclaim in the
Civil Court may only be maintained if the subject matter would be within the jurisdiction of the
court "if sued upon separately" (CCA 208). The imposition of a constructive trust is a form of
equitable relief (see Simonds v Simonds, 45 NY2d 233, 241 [1978]; Rowe v Kingston, 94 AD3d 852
[2012]; Jimenez v Nunez, 42 Misc
3d 145[A], 2014 NY Slip Op 50341[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2014]) and there is no statute conferring upon the Civil Court of the City of New York the
subject matter jurisdiction to grant this affirmative equitable relief (see CCA 201, 203).
Consequently, to the extent that the Civil Court adjudicated that issue as an affirmative claim, it
went beyond its jurisdiction (see
Nissequogue Boat Club v State of New York, 14 AD3d 542 [2005]) and, thus, the
counterclaim must be dismissed. However, the Civil Court is not barred from, and indeed has the
authority to, adjudicate the issue of a constructive trust as an affirmative defense to this partition
action (see CCA 905; Nissequogue Boat Club, 14 AD3d 542; Fizzinoglia v
Capozzoli, 58 Misc 3d 149[A], 2018 NY Slip Op 50081[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2018]; Freire v
Fajardo, 28 Misc 3d 137[A], 2010 NY Slip Op 51453[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2010]), in which the ultimate title to the property is always at issue (see
RPAPL 907 [1]). 
Upon a review of the record, we find that defendant failed to establish a constructive-trust
defense. "Generally, a constructive trust may be imposed when property has been acquired in
[*3]such circumstances that the holder of the legal title may not in
good conscience retain the beneficial interest" (Sharp v Kosmalski, 40 NY2d 119, 121
[1976] [internal quotation marks and brackets omitted]; see Edwards v Walsh, 169 AD3d 865 [2019]; Ning Xiang Liu v Al Ming Chen, 133
AD3d 644 [2015]). "The elements of a constructive trust are (1) a fiduciary or confidential
relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4)
unjust enrichment" (Ning Xiang Liu v Al Ming Chen, 133 AD3d at 644 [internal
quotation marks omitted]; see Sharp v Kosmalski, 40 NY2d at 121). Here, defendant
failed to establish that she made any transfer in reliance on a promise, or that, prior to the parties'
joint purchase, she possessed any legally cognizable interest in the property with which she could
have parted (see Kaufman v Torkan,
51 AD3d 977, 980 [2008]; Schwab v Denton, 141 AD2d 714, 715 [1988]). 
Since plaintiff demonstrated at trial that she is entitled to partition as a joint tenant with
defendant, and defendant's sole defense was based upon a constructive trust, which was not
established, the respective rights of the parties must be determined (see Levine v
Goldsmith, 71 App Div 204, 209 [1902] ["The authority for the interlocutory judgment must
be found in the decision of the court made upon the trial of the issues"]). There is a presumption
that plaintiff and defendant each have an equal interest in the subject property (see Matter of
McKelway, 221 NY 15 [1917]), which presumption has not been rebutted. In addition, under
the circumstances presented, we find that the property cannot be partitioned without great
prejudice to the parties and, thus, that plaintiff is entitled to a sale (see Cadle Co. v Calcador, 85 AD3d
700 [2011]; Bufogle v Greek, 152 AD2d 527 [1989]).
Accordingly, the amended final judgment is reversed, the counterclaim is dismissed, and the
matter is remitted to the Civil Court for the entry of an interlocutory judgment in accordance with
this decision and order.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 21, 2021