Fishbein v Goldman (2023 NY Slip Op 04924)

Fishbein v Goldman

2023 NY Slip Op 04924

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Oing, J.P., Friedman, Kennedy, Shulman, Pitt-Burke, JJ. 

Index No. 150975/18 Appeal No. 702 Case No. 2022-04085 

[*1]Jennifer Fishbein, Plaintiff-Appellant,
v
Jane Goldman et al., Defendants-Respondents.

Jennifer Fishbein, appellant pro se.
Gartner + Bloom PC, New York (Kaela A. Mahon of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered August 2, 2022, which converted defendants' motion to dismiss the second amended complaint to a motion for summary judgment and granted the motion on the grounds of res judicata, and denied as moot plaintiff's cross-motion for summary judgment, unanimously modified, on the law, to deny defendants' motion, reinstate the second amended complaint, and remand the matter to Supreme Court for determination of plaintiff's cross-motion, and otherwise affirmed, without costs.
The motion court should not have dismissed plaintiff's second amended complaint on the basis that plaintiff's Housing Part action had been resolved. Contrary to defendants' position, plaintiff was not precluded from maintaining a Housing Part action in Civil Court while asserting a separate, concurrent damages action in Supreme Court, as the Civil Court has jurisdiction in a Housing Part action to enforce "the multiple dwelling law and the housing maintenance code, building code and health code of the administrative code of the city of New York" (Civil Court Act § 110[a]). Although Administrative Code of City of NY § 27-2115(h)(1) defines the procedure for a tenant to bring a Housing Part action for the correction of violations imposed by the New York City Department of Housing Preservation and Development (HPD), that section expressly provides in relevant part, "Nothing in this section shall preclude any person from seeking relief pursuant to any other applicable provision of law." Further, the Civil Court's limited jurisdiction in a Housing Part action for repairs is not suited for resolution of a claim for money damages (see e.g. Lex 33 Assoc. v Grasso, 283 AD2d 272, 273 [1st Dept 2001]; D'Agostino v Forty-Three E. Equities Corp., 16 Misc 3d 59, 60 [App Term First Dept 2007]). We note that the ad damnum clause in plaintiff's complaint states that plaintiff seeks $100,000, which exceeds the jurisdictional limitations of the Civil Court (Civil Court Act § 202).
In addition, the conversion of defendants' motion to dismiss to a motion for summary judgment and award of summary judgment in defendants' favor was inappropriate, as was the court's denial as moot of plaintiff's unopposed cross-motion for summary judgment. Plaintiff brought her original claims in this action following the issuance of a consent order in the Housing Part action, during the period in which defendants were charged with correcting violations issued by HPD but while plaintiff's alleged money damages continued to accrue. After plaintiff filed her second amended complaint, the Housing Part entered an order denying her motion to hold defendants in contempt of the consent order but directing defendants to correct the two remaining class "A" violations within 30 days. Thus, even if some part of the claims could have been resolved in the Housing Part action, defendants failed to contradict plaintiff's factual allegations that her damages continued [*2]to accrue under the terms of the lease and the warranty of habitability (see e.g. 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn. Inc., 24 NY3d 528, 534 [2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023